| | |
|---|---|
| Maria A. Bourn<br>Anthony Tartaglio<br>GOMERMAN \| BOURN & ASSOCIATES<br>825 Van Ness Ave, Suite 502<br>San Francisco, CA 94109<br>Telephone: (415) 545-8608<br>Email: maria@gobolaw.com<br>          tony@gobolaw.com<br><br>Attorneys for Plaintiff<br>JANE DOE | KATHERINE M. FORSTER (State Bar No. 217609)<br>Katherine.Forster@mto.com<br>CRAIG JENNINGS LAVOIE (State Bar No. 293079)<br>Craig.Lavoie@mto.com<br>KYRA E. SCHOONOVER (State Bar No. 343166)<br>Kyra.Schoonover@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071-3426<br>Telephone:    (213) 683-9100<br>Facsimile:     (213) 687-3702<br><br>Attorneys for Defendants BLACKBERRY CORPORATION and JOHN GIAMATTEO |

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BLACKBERRY CORPORATION; a Delaware Corporation; and<br>JOHN GIAMATTEO; an individual,<br><br>                    Defendants. | **Case No.: 3:24-cv-02002**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: July 1, 2024<br>Time 1:30 pm<br>Judge: Hon. Sallie Kim |

Plaintiff Jane Doe and Defendants BlackBerry Corporation and John Giamatteo hereby submit this joint case management conference statement in advance of the initial case management conference. Counsel conducted their Rule 26(f) conference on June 10, 2024 via videoconference. Anthony Tartaglio attended on behalf of Plaintiff. Katherine Forster and Kyra Schoonover attended on behalf of Defendants.

1    **Jurisdiction and Service**: This case is based on diversity jurisdiction in which the
2    substantive law of California applies.  There are currently no issues regarding personal
3    jurisdiction or venue.  There are no parties remaining to be served.
4    **Facts**:
5    Plaintiff's Position: Plaintiff alleges that Giamatteo sexually harassed her and retaliated
6    against her.  Plaintiff further alleges that BlackBerry is liable for negligent hiring, firing, and
7    retention, retaliation, wrongful termination, failure to prevent harassment, discrimination, and
8    retaliation, paying disparate wages on the basis of sex, and failure to pay wages promptly.
9    Defendants' Position: Defendants strongly deny all of Plaintiff's allegations.  Defendants'
10   position is that Giamatteo did not engage in harassment or retaliation and that BlackBerry is not
11   liable for any alleged harassment or retaliation.  Moreover, BlackBerry terminated Plaintiff as a
12   result of a corporate restructuring, and not for any retaliatory reason.  Defendants also deny that
13   either Giamatteo or BlackBerry committed any violations with respect to Plaintiff's wage-related
14   claims.
15   **Legal Issues**: Defendants' motion to dismiss raises several legal issues, including:
16   1) whether Plaintiff has failed to plead a viable sexual harassment against Giamatteo and
17   BlackBerry; 2) whether Giamatteo can be liable under California Labor Code Section 1197.5 for
18   alleged discrimination in payment of wages; 3) whether Plaintiff has failed to plead a viable
19   section 1197.5 claim against Giamatteo and BlackBerry; 4) whether Plaintiff has failed to plead
20   viable claims against BlackBerry under California Labor Code Sections 201 and 203 for failure to
21   pay wages promptly; 5) whether Plaintiff's negligent hiring claim is time-barred; and 6) whether
22   references to "harassment" and "discrimination" should be stricken from the complaint.
23   Counsel are also meeting and conferring on the topic of whether Plaintiff should be
24   allowed to continue proceeding pseudonymously.  Defendants sent Plaintiff an email
25   memorandum on June 11, 2024, outlining their position, and Plaintiff sent a response
26   memorandum on June 21, 2024.  Defendants are considering whether to file a motion.
27   At this early stage of the case, it is unclear what other disputed issues of law (if any) will
28   require resolution by the Court.

1 **Motions**: Defendants have filed a motion to dismiss in part and strike in part.  Defendants
2 anticipate eventually filing a motion for summary judgment.  The parties anticipate seeking the
3 Court's approval of a proposed stipulated protective order.

4 **Amendment of Pleadings**: At this time, no party anticipates amending their initial
5 pleadings.  If the need for an amendment arises, however, the relevant party will diligently move
6 for leave to amend the relevant pleading.

7 **Evidence Preservation**: The parties are aware of their obligations to preserve potentially
8 relevant evidence.  They have also discussed this issue.

9 **Disclosures**: Although the parties have not yet made their initial disclosures, they will do
10 so within the timelines required by law.  Pursuant to General Order 71, initial disclosures are due
11 on July 3, 2024.

12 **Discovery**: Plaintiff served a set of written discovery on June 12, 2024; no other discovery
13 has commenced as of the date of this statement.  The scope of the anticipated discovery is that
14 this case will require a roughly average amount of discovery for a single-plaintiff employment
15 case.  At this point, the parties do not propose any limitations or modifications to the usual
16 discovery procedures.  A stipulated e-discovery order currently appears unnecessary.  For a
17 discovery plan:

18 ➢ The parties anticipate serving initial disclosures by July 3, 2024.  (*See* Gen. Order 71.)
19 ➢ Plaintiff's position is that the subjects on which discovery may be needed include
20    Plaintiff's job performance, termination, the alleged harassment and discrimination that
21    she experienced, and her potential damages.  Defendants believe discovery will not be
22    needed as to alleged harassment and discrimination if their motion to dismiss is granted.
23    The parties will endeavor to complete discovery by March of 2025.  There appears to be
24    no need to conduct discovery in phases.
25 ➢ There are currently no unusual issues about disclosure, discovery, or preservation of
26    electronically stored information, including the form or forms in which it should be
27    produced.
28

1  ➢ There are currently no unusual issues about claims of privilege or of protection as trial-
2    preparation materials, including—if the parties agree on a procedure to assert these claims
3    after production—whether to ask the Court to include their agreement in an order under
4    Federal Rule of Evidence 502.
5  ➢ There is currently no apparent need to change the limitations on discovery imposed under
6    the FRCP or by local rule.

7    **Class Actions**: This is not a class action.

8    **Related Cases**: There appear to be no cases that should be related to this one.

9    **Relief**: Plaintiff intends to seek damages for out-of-pocket expenses, lost wages,
10 emotional distress, punitive damages, and attorney's fees.  At this point, a calculation of damages
11 would be premature.  For example, Plaintiff is still searching for new employment, meaning that
12 her economic damages are not yet reasonably ascertainable.

13   **Settlement and ADR**: No ADR has occurred yet.  The parties may explore private
14 mediation after a critical mass of discovery has been conducted.

15   **Other References**: This case is not suitable for binding arbitration, a special master, or an
16 MDL panel.

17   **Narrowing of Issues**:  Defendants' motion to dismiss/strike may narrow the issues before
18 the Court.  Otherwise, it would be premature to narrow any other issues in this early stage of the
19 case.

20   **Scheduling**: The parties recommend the following schedule:

| Event | Date |
|---|---|
| Proposed date for designation of experts | October 15, 2024 |
| Discovery cutoff | January 17, 2025 |
| Deadline to file dispositive motions | February 24, 2025 |
| Deadline to file opposition to dispositive motions | March 10, 2025 |
| Deadline to file reply to dispositive motions | March 17, 2025 |

| | |
|---|---|
| Hearing of dispositive motions | March 31, 2025 at 9:30 a.m. |
| Pretrial conference | May 30, 2025 at 1:30 p.m. |
| Trial | July 1, 2025 |

**Trial**: Plaintiff has demanded a jury trial.  Plaintiff estimates the trial would last about two to three weeks.  Defendants estimate that trial would last approximately five to seven days.

**Disclosure of Non-party Interested Entities or Persons**:  The parties have filed the required disclosure form.

**Professional Conduct**: The attorneys of record for the parties are familiar with the applicable rules of professional conduct.

Dated: June 24, 2024         GOMERMAN | BOURN & ASSOCIATES


                             By:    */s/ Anthony Tartaglio*
                                    Maria Bourn
                                    Anthony Tartaglio
                                    Attorneys for Plaintiff
                                    JANE DOE


Dated: June 24, 2024         MUNGER, TOLLES & OLSON LLP


                             By:      */s/ Katherine Forster*
                                     KATHERINE FORSTER
                                  Attorneys for Defendants
                                  BLACKBERY CORPORATION & JOHN
                                  GIAMATTEO

1  I, Anthony Tartaglio, affirm that before this document was filed with the Court, I first
2  obtained the approval of Defendants' counsel to sign this document on her behalf.

Dated: June 24, 2024                    GOMERMAN | BOURN & ASSOCIATES

                                        By:   */s/ Anthony Tartaglio*
                                              Anthony Tartaglio
                                              Attorney for Plaintiff
                                              JANE DOE

52012184.2                      - 6 -
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**