KATHERINE M. FORSTER (State Bar No. 217609)
Katherine.Forster@mto.com
CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
LAUREN N. BECK (State Bar No. 343375)
Lauren.Beck@mto.com
KYRA E. SCHOONOVER (State Bar No. 343166)
Kyra.Schoonover@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendants BLACKBERRY
CORPORATION and JOHN GIAMATTEO

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual, | Case No. 3:24-cv-02002 |
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE** |
| vs. | |
| BLACKBERRY CORPORATION; a Delaware Corporation; and JOHN GIAMATTEO; an individual, | Judge:          Sallie Kim |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT ........................................................................................................3

     A.    Plaintiff Has Failed to Plead a Plausible Claim for Sex Harassment. ........................3

           1.    Plaintiff Has Failed to Plead Harassing Conduct That Is Severe or Pervasive. .................................................................................3

           2.    Plaintiff Is Incorrect in Asserting That Section 12923 Swept Away Pre-2019 FEHA Caselaw. ..................................................5

           3.    Section 12923(e) Cannot Change the Federal Courts' Standards for Deciding Motions to Dismiss or Motions for Summary Judgment. .............7

           4.    Plaintiff Has Not Pled That She Suffered Harassment "Because of Sex." .........................................................................8

           5.    Plaintiff Fails to Cite a Single Case Where Courts Have Found Analogous Allegations Sufficient to State a Sexual Harassment Claim. ...........................................12

     B.    Plaintiff Has Not Pled Facts Showing Sex Discrimination in Pay. ..........................13

     C.    The Court Should Strike Plaintiff's Harassment and Discrimination Allegations From Her Fourth Cause of Action. ........................................................15

     D.    The Court Should Dismiss Plaintiff's Claim for Failure to Pay Wages Promptly and Strike Plaintiff's Negligent Hiring Claim. ........................................15

III.  CONCLUSION ...................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**FEDERAL CASES**

*Alexiadis v. Cambridge Systematics, Inc.*,
    No. LA CV21-08564 JAK (PVCx), 2022 WL 3137458, at *9 (C.D. Cal. June
    15, 2022)...............................................................................................................................7

*Artz v. Salon*,
    No. 2:23-cv-01599-DJC-DB, 2023 WL 7987613 (E.D. Cal. Nov. 17, 2023) ..........................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..........................................................................................................8, 9

*Austin v. Univ. of Or.*,
    925 F.3d 1133 (9th Cir. 2019)............................................................................................2, 10

*Banawis-Olila v. World Courier Ground, Inc.*,
    No. 16-cv-00982-PJH, 2016 WL 4070133 (N.D. Cal. July 29, 2016)..................................3, 14

*Bayne v. Bowles Hall Found.*,
    No. 21-cv-01959-JCS, 2021 WL 3426921 (N.D. Cal. Aug. 5, 2021).........................................7

*Brooks v. City of San Mateo*,
    229 F.3d 917 (9th Cir. 2000)................................................................................................1, 7

*Carrico v. CNA Ins.*,
    No. LA CV18-01445 JAK (JPRx), 2020 WL 5797698, at *11 (C.D. Cal. June
    1, 2020)..................................................................................................................................6

*Cousins v. Lockyer*,
    568 F.3d 1063 (9th Cir. 2009)..................................................................................................9

*Croft v. GTT Commc'ns, Inc.*,
    No. 21-CV-01083-EMC, 2021 WL 1847816 (N.D. Cal. May 10, 2021) ...................................6

*Davis v. Inmar, Inc.*,
    No. 21-cv-03779 SBA, 2022 WL 3722122, at *5 (N.D. Cal. Aug. 29, 2022)...........................14

*Desmond v. Charter Commc'ns, Inc.*,
    No. 3:19-CV-2392-AJB-MDD, 2021 WL 3034021 (S.D. Cal. July 19, 2021),
    aff'd, No. 21-55756, 2022 WL 17077528 (9th Cir. Nov. 18, 2022)...........................................6

*Doe v. Pierce Cnty.*,
    No. 5:19-cv-0005, 2019 WL 1937577 (S.D. Ga. May 1, 2019) ..............................................13

*Does I thru XXIII v. Advanced Textile Corp.*,
214 F.3d at 1063 (9th Cir. 2000) ................................................................13

*Dubowsky v. Stern, Lavinthal, Norgaard & Daly*,
922 F. Supp. 985 (D.N.J. 1996) ................................................................14

*Duke v. City Coll. of S.F.*,
No. 19-cv-06327-PJH, 2020 WL 512438 (N.D. Cal. Jan. 31, 2020) ........................14

*EEOC v. ABM Indus. Inc.*,
249 F.R.D. 588 (E.D. Cal. 2008) ................................................................13

*Erie R. Co. v. Tompkins*,
304 U.S. 64 (1938) ................................................................2, 8

*Freund v. Nycomed Amersham*,
347 F.3d 752 (9th Cir. 2003) ................................................................8

*Geer v. Siemens Med. Sols. USA, Inc.*,
No. 20-cv-05613-SVK, 2021 WL 4979426 (N.D. Cal. Sept. 24, 2021) ....................7

*Griffin v. L.A. Cnty.*,
No. 8:21-cv-00981-DOC, 2021 WL 9722631 (C.D. Cal. June 25, 2021),
vacated and remanded on other grounds, No. 21-55716, 2022 WL 17099125
(9th Cir. Nov. 17, 2022) ................................................................10

*Haley v. Cohen & Steers Cap. Mgmt., Inc.*,
871 F. Supp. 2d 944 (N.D. Cal. 2012) ................................................................11

*Harlow v. Chaffey Cmty. Coll. Dist.*,
No. CV 18-1583 DSF, 2021 WL 2384702 (C.D. Cal. Mar. 15, 2021), aff'd, No.
21-55349, 2022 WL 4077103 (9th Cir. Sept. 6, 2022) ..........................................7

*Hayduk v. Lanna*,
775 F.2d 441 (1st Cir. 1985) ................................................................8

*Hein v. Or. Coll. of Educ.*,
718 F.2d 910 (9th Cir. 1983) ................................................................3, 14

*James v. PC Matic, Inc.*,
No. CV 23-1506-MWF, 2023 WL 4291668 (C.D. Cal. May 17, 2023) ........................7, 13

*Judd v. Weinstein*,
967 F.3d 952 (9th Cir. 2020) ................................................................6

*Lopez v. Regents of Univ. of Cal.*,
5 F. Supp. 3d 1106 (N.D. Cal. 2013) ................................................................8

*Luke v. Dough Boy Inc.*,
No. 2:18-cv-07456-ODW, 2020 WL 70832 (C.D. Cal. Jan. 7, 2020) ........................6

*Mayes v. Kaiser Found. Hosps.*,
   917 F. Supp. 2d 1074 (E.D. Cal. 2013) ...................................................................10

*Nand v. FedEx Ground Package Sys., Inc.*,
   No. 2:23-cv-01142 DJC AC, 2024 WL 1306170 (E.D. Cal. Mar. 25, 2024) ...........................6

*Nisbet v. Am. Nat'l Red Cross*,
   795 F. App'x 505 (9th Cir. 2019) .........................................................................6

*Tijerina v. Alaska Airlines, Inc.*,
   No. 22-CV-203 JLS (BGS), 2024 WL 270090 (S.D. Cal. Jan. 24, 2024) .................................6

*Valdovinos v. Cushman & Wakefield U.S., Inc.*,
   No. 21-cv-01924-JCS, 2022 WL 1471418 (N.D. Cal. May 10, 2022) ...................................7

*Valenzuela v. Kroger Co.*,
   No. CV 22-6382-DMG, 2024 WL 1336959 (C.D. Cal. Mar. 28, 2024) ...................................9

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................................8

*Villalobos v. Costco Wholesale Corp.*,
   No. 2:23-cv-00622-DJC-JDP, 2023 WL 5108499 (E.D. Cal. Aug. 9, 2023) ............................6

*Washington v. Lowe's HIW Inc.*,
   75 F. Supp. 3d 1240 (N.D. Cal. 2014) .................................................................11

STATE CASES

*Alexander v. Cmty. Hosp. of Long Beach*,
   46 Cal. App. 5th 238 (2020) .............................................................................6

*Allen v. Staples, Inc.*,
   84 Cal. App. 5th 188 (2022)...........................................................................14, 15

*Argueta v. Worldwide Flight Servs., Inc.*,
   97 Cal. App. 5th 822 (2023), reh'g denied (Dec. 6, 2023), review denied (Mar.
   20, 2024).................................................................................................6

*Atalla v. Rite Aid Corp.*,
   89 Cal. App. 5th 294 (2023)..............................................................................6

*Bass v. Great W. Sav. & Loan Ass'n*,
   58 Cal. App. 3d 770 (1976) .............................................................................14

*Beltran v. Hard Rock Hotel Licensing, Inc.*,
   97 Cal. App. 5th 865 (2023), review filed (Jan. 16, 2024)..................................2, 4, 12

*Brennan v. Townsend & O'Leary Enters., Inc.*,
   199 Cal. App. 4th 1336 (2011) ......................................................................11, 12

*Dalton v. Baldwin*,
    64 Cal. App. 2d 259 (1944) ...............................................................................................4

*Galvan v. Dameron Hosp. Ass'n*,
    37 Cal. App. 5th 549 (2019) ..............................................................................................6

*Haberman v. Cengage Learning, Inc.*,
    180 Cal. App. 4th 365 (2009) ...................................................................................5, 6, 13

*Hughes v. Pair*,
    46 Cal. 4th 1035 (2009) ..........................................................................................1, passim

*Kelley v. Conco Cos.*,
    196 Cal. App. 4th 191 (2011) .........................................................................................1, 7

*Lyle v. Warner Bros. Television Prods.*,
    38 Cal. 4th 264 (2006) .............................................................................................1, passim

*Martin v. Bd. of Trs. of Cal. State Univ.*,
    97 Cal. App. 5th 149 (2023), review denied (Feb. 14, 2024) .............................................6

*Murray v. Diel*,
    No. 2:22-cv-07473-SB-KS, 2023 WL 5505987 (C.D. Cal. July 7, 2023) ...........................7

*People v. One 1940 Ford V-8 Coupe*,
    36 Cal. 2d 471 (1950) .........................................................................................................7

*Quarry v. Doe I*,
    53 Cal. 4th 945 (2012) .....................................................................................................1, 7

*Thomas v. Regents of Univ. of Cal.*,
    97 Cal. App. 5th 587 (2023) .....................................................................................1, passim

*Wilson v. Cable News Network, Inc.*,
    7 Cal. 5th 871 (2019) ..........................................................................................................6

**FEDERAL STATUTES**

Equal Pay Act ......................................................................................................................14

**STATE STATUTES**

Cal. Gov't Code § 12923 ..............................................................................................1, passim

Cal. Gov't Code § 12923(a) ...........................................................................................3, 4

Cal. Gov't Code § 12923(b) ......................................................................................1, 4, 5

Cal. Gov't Code § 12923(d) .................................................................................................1

Cal. Gov't Code § 12923(e) ........................................................................................2, 7, 8

1

Cal. Gov't Code § 12940(j) ........................................................................................................4

2

Cal. Lab. Code § 1197.5 ..................................................................................................... 2, passim

3

**STATE RULES**

4

Rule 9(b) ........................................................................................................................8

5

Rule 12(b)(6) ..........................................................................................................2, 8, 14

6

**RULES - OTHER**

7

8

Fed. R. Civ. Proc. 8(d)(3) ......................................................................................................11

9

Fed. R. Civ. Proc. 10(a) ......................................................................................................13

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

## I.      INTRODUCTION

In their Motion to Dismiss, Defendants BlackBerry Corporation and John Giamatteo demonstrated that Plaintiff Jane Doe has failed to plead plausible claims for sex harassment, discriminatory pay, failure to pay wages promptly, and negligent hiring.  In her Opposition, Plaintiff opposes only the dismissal of her sexual harassment claim and discriminatory pay claim.

On the sexual harassment claim, Plaintiff essentially concedes that she has not pled severe or pervasive harassment under any of the authorities Defendants cite in their Motion, including the two leading California Supreme Court cases on FEHA sex harassment: *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 278–79 (2006) and *Hughes v. Pair*, 46 Cal. 4th 1035, 1043 (2009).  Plaintiff does not engage with those authorities at all in her Opposition.  Rather, Plaintiff hinges her response on the argument that cases decided before section 12923 took effect in 2019 are no longer good law.

Plaintiff is wrong:  Those cases plainly remain good law.  California courts continue to cite and rely upon *Lyle*, *Hughes*, and other pre-2019 cases in evaluating sex harassment claims.  *See, e.g.*, *Thomas v. Regents of Univ. of Cal.*, 97 Cal. App. 5th 587, 608 (2023) (citing *Lyle* and *Hughes*), *reh'g denied* (Dec. 29, 2023), *review denied* (Feb. 28, 2024).  This Court should therefore decline Plaintiff's invitation to throw out the playbook on FEHA harassment claims.

The Legislature, moreover, could and would have indicated if it intended to overrule *Lyle* or *Hughes*.  It explicitly disapproved of two cases in section 12923, but it did not mention *Lyle*, *Hughes*, or any other authority cited in Defendants' motion.  *See* Cal. Gov't Code §§ 12923(b), (d) (disapproving *Brooks v. City of San Mateo*, 229 F.3d 917 (9th Cir. 2000) and *Kelley v. Conco Cos.*, 196 Cal. App. 4th 191 (2011)).  There is a presumption under California law that "where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed."  *Quarry v. Doe I*, 53 Cal. 4th 945, 970 (2012).

Plaintiff further contends that she has pled severe or pervasive harassment by repeating the allegations from her Complaint and citing portions of sections 12923(a) and (b), which speak to the impact harassment must have in order to be actionable and that a single incident may suffice to state a claim in certain circumstances.  (ECF No. 22 at 8.)  Contrary to Plaintiff's claims, sections

1   12923(a) and (b) "did not change the substantive law of sexual harassment," and Plaintiff's bare

2   reliance on those provisions does not show that she has pled harassment that is sufficiently severe

3   or pervasive under governing caselaw. *Beltran v. Hard Rock Hotel Licensing, Inc.*, 97 Cal. App.

4   5th 865, 879 (2023), *review filed* (Jan. 16, 2024).

5          Plaintiff also makes a second, independently flawed argument in her Opposition: she

6   claims that she can plead a sex harassment claim by alleging ordinary, nonsexual workplace

7   grievances, while tacking on a bare assertion that those alleged incidents occurred because of her

8   sex. That is not the law in federal court. Under Rule 12(b)(6), Plaintiff is required to plead facts

9   plausibly showing that "gender is a substantial factor in the discrimination." *Lyle*, 38 Cal. 4th at

10  280. Plaintiff's conclusory statement that Giamatteo "attempt[ed] to bully her into being a woman

11  that was submissive and subordinate to him" does not transform her allegations into harassment on

12  the basis of sex. (Compl. ¶ 1). As the Ninth Circuit has held, "[a] recitation of facts without

13  plausible connection to gender is not cured by labels and conclusory statements about sex

14  discrimination." *Austin v. Univ. of Or.*, 925 F.3d 1133, 1138 (9th Cir. 2019).

15         Plaintiff also contends that this Court can no longer grant a motion to dismiss a sex

16  harassment claim under FEHA because section 12923(e) states that "[h]arassment cases are rarely

17  appropriate for disposition on summary judgment." (ECF No. 22 at 7). But Plaintiff again

18  confuses the pleading standards that apply in federal court. Neither California courts, nor the

19  California legislature, can change pleading standards under the federal rules. *See Erie R. Co. v.

20  Tompkins*, 304 U.S. 64, 79–80 (1938) (explaining that state law governs the Court's analysis on

21  substance, and federal law governs on procedure). (ECF No. 22 at 7.) As set forth in Defendants'

22  Motion, federal courts over the past five years have continued to dismiss FEHA sexual harassment

23  claims when plaintiffs fail to meet the federal standards. (*See* ECF No. 10 at 10.)

24         Plaintiff's defense of her discriminatory pay claim also fails. As Defendants demonstrated,

25  Plaintiff is required to plead facts showing that she performed "substantially similar work" as her

26  male colleagues at BlackBerry "when viewed as a composite of skill, effort, and responsibility"

27  and when "performed under similar working conditions." Cal. Lab. Code § 1197.5. Plaintiff has

28  failed to plead basic, essential facts about her work, such as her pay, title, role, experience, or

1   responsibilities.  *See Banawis-Olila v. World Courier Ground, Inc.*, No. 16-cv-00982-PJH, 2016

2   WL 4070133, at *3 (N.D. Cal. July 29, 2016).  She has also failed to compare herself to any

3   employee other than Giamatteo.  *See Hein v. Or. Coll. of Educ.*, 718 F.2d 910, 918 (9th Cir. 1983).

4   These flaws are fatal to Plaintiff's claim under section 1197.5.

5   **II.      ARGUMENT**

6         **A.      Plaintiff Has Failed to Plead a Plausible Claim for Sex Harassment.**

7               Plaintiff makes five flawed arguments in opposing dismissal of her sexual harassment

8   claim.  *First*, Plaintiff erroneously interprets language from a statement of legislative intent passed

9   in 2019, Cal. Gov't Code § 12923,  to conclude that she has pled harassing conduct that is severe

10  or pervasive.  *Second*, Plaintiff fails to contest that longstanding California Supreme Court

11  precedent requires dismissal of her claim, and instead advances an unsupported argument that

12  section 12923 silently abrogated California Supreme Court decisions that dozens of courts have

13  relied on in the five years since section 12923 was enacted.  *Third*, Plaintiff falsely asserts that the

14  California Legislature can lower the pleading standards that apply to a motion to dismiss in federal

15  court, which it cannot.  *Fourth*, Plaintiff erroneously asserts that alleged everyday slights in the

16  workplace—none of which is facially gendered in any way—can support a sexual harassment

17  claim if a plaintiff baldly asserts that the reason each incident occurred was due to her sex.

18  *Finally*, Plaintiff fails to identify a single case in which allegations similar to hers have been

19  deemed to constitute severe or pervasive sexual harassment.

20              **1.      Plaintiff Has Failed to Plead Harassing Conduct That Is Severe or**
                        **Pervasive.**

21

22              In 2019, the California Legislature enacted a statement of legislative intent regarding the

23  application of FEHA to harassment claims.  Cal. Gov't Code § 12923.  The five subsections of

24  section 12923 clarify the purpose of the law, identify judicial decisions (by reference to specific

25  case names) that the Legislature approves and disapproves of, and offer guidance on how to assess

26  harassment claims under the statute.[1]  Plaintiff acknowledges that section 12923(a), which

27  _____

28  [1] Though the Court need not decide this question to grant this Motion, section 12923 does not bind
    this Court's decision.  In section 12923, the Legislature "declare[d] its intent with regard to

1  provides that harassment need not result in productivity impacts in order to be actionable, *did not*

2  replace the requirement that harassment be either severe or pervasive.  (ECF No. 22 at 5.)

3  Nonetheless, she baldly concludes that she has "pled many specific, non-conclusory facts that . . .

4  would constitute severe and pervasive harassment" without citing any authority other than section

5  12923(a).[2]  (ECF No. 22 at 5.)

6       Plaintiff stretches section 12923(a) beyond its terms in suggesting that it redefined what

7  constitutes severe or pervasive sexual harassment.  To the contrary, courts are required to consider

8  section 12923(a) in light of and in conjunction with the existing substantive law on FEHA sexual

9  harassment claims.  As the California Court of Appeal has explained, "Section 12923 . . . *did not*

10  *change the substantive law of sexual harassment*, but addressed how the trial courts were to apply

11  that law, particularly and specifically in the context of summary judgment."  *Beltran*, 97 Cal. App.

12  5th at 879 (emphasis added).  "[T]his statute, by its plain language, falls into the category of

13  clarification rather than substantive change."  *Id.*  Plaintiff's reliance on section 12923(a) in

14  isolation, without regard to what constitutes severe or pervasive harassment, fails as a matter of

15  law.

16       Plaintiff's reliance on section 12923(b), which provides that a single incident of harassing

17  conduct may be sufficient to create a triable issue of fact as to the existence of a hostile work

18  _____

19  application of the laws about harassment."  The Legislature did not amend the substantive
language of California Government Code section 12940(j) (which prohibits unlawful harassment)

20  or any related section.  The presumption that an amendment changes the meaning of a statute
applies "only when there is a material change contained in the language of the amended act."

21  *Dalton v. Baldwin*, 64 Cal. App. 2d 259, 264 (1944).  The Legislature could have changed the
language of section 12940(j), but it did not.  To the contrary, the Assembly Judiciary Committee

22  described section 12923 as "non-binding findings and declarations."  Assemb. Comm. on the

23  Judiciary, Analysis of S.B. 1300, at 6 (June 26, 2018).

24  [2] Plaintiff relies in particular on the following:  "[H]arassment creates a hostile, offensive,
oppressive, or intimidating work environment and deprives victims of their statutory right to work

25  in a place free of discrimination when the harassing conduct sufficiently offends, humiliates,
distresses, or intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the

26  workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and
undermine the victim's personal sense of well-being.  The plaintiff need not prove that her

27  productivity suffered: she need only prove that 'the harassment so altered working conditions as to

28  make it more difficult to do the job.'"  (ECF No. 22 at 4 (quoting Cal. Gov't Code § 12923(a)).)

environment, fares no better.  Cal. Gov't Code § 12923(b).  Defendants acknowledged in their Motion that a single incident may, in some circumstances, be sufficient to give rise to a hostile work environment claim.  But that proposition does not help Plaintiff, who has not alleged *any* actionable harassment under FEHA.

The three alleged incidents specified in her Complaint—consisting of Giamatteo's comments about travelling together, his "overly friendly" demeanor at dinner, and an alleged joke about his daughters—could not plausibly have "unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment."  Cal. Gov't Code § 12923(b).  The fact that a single incident *can* suffice to show harassment does not mean that Plaintiff has pled conduct that *actually does* suffice.

### 2. Plaintiff Is Incorrect in Asserting That Section 12923 Swept Away Pre-2019 FEHA Caselaw.

Plaintiff's Opposition does not dispute that her sexual harassment claim fails under the California Supreme Court's decisions in *Lyle* and *Hughes*, or the California Court of Appeal decision in *Haberman v. Cengage Learning, Inc.*, 180 Cal. App. 4th 365 (2009).  Instead, Plaintiff makes the sweeping assertion that section 12923 overturned every FEHA sexual harassment case decided prior to 2019.  Plaintiff asks this Court to cast aside decades of governing case law, including two cases from California's highest court, because she believes that "the precedential value of th[o]se cases is now dubious" and that only "unpublished federal opinions" continue to cite them.  (ECF No. 22 at 7.)

The authority Plaintiff herself cites shows that her argument is wrong.  In *Thomas v. Regents of University of California*, a 2023 case on which Plaintiff relies extensively in her Opposition, the California Court of Appeal cited both *Lyle* and *Hughes* for their substantive analysis of sexual harassment.  97 Cal. App. 5th at 608.  *Thomas* involved a plaintiff who asserted a sexual harassment claim against her soccer coach.  *Id.* at 589.  In discussing the case law governing sexually hostile work environment claims, the *Thomas* court liberally quoted *Hughes* and held that harassment must be "sufficiently pervasive so as to alter the conditions of employment and create an abusive work environment"; that "*pervasive . . .* sexually harassing

conduct must consist of 'more than a few isolated incidents'"; and that "[a]n isolated incident . . . may qualify as 'severe' when it consists of '*a physical assault* or the threat thereof.'"  *Id.* at 608–09 (quoting *Hughes*, 46 Cal. 4th at 1043, 1048, 1049).  The *Thomas* court also adopted language from *Hughes* that quoted *Lyle*, including the standard that "a sexually objectionable environment must be both objectively and subjectively offensive." *Id.* at 608 (quoting *Hughes*, 46 Cal. 4th at 1044 (quoting *Lyle*, 38 Cal. 4th at 284)).  Plaintiff's authority refutes her assertion that California courts have abandoned these precedents.

*Thomas* is not alone:  Other California Courts of Appeal likewise have cited *Hughes* and *Lyle* in published decisions since section 12923 took effect.  *See Atalla v. Rite Aid Corp.*, 89 Cal. App. 5th 294, 308 (2023) (FEHA sexual harassment case citing *Lyle*'s sexual harassment standard); *Martin v. Bd. of Trs. of Cal. State Univ.*, 97 Cal. App. 5th 149, 171 (2023) (same), *review denied* (Feb. 14, 2024); *Argueta v. Worldwide Flight Servs., Inc.*, 97 Cal. App. 5th 822, 832 (2023) (same), *reh'g denied* (Dec. 6, 2023), *review denied* (Mar. 20, 2024); *Alexander v. Cmty. Hosp. of Long Beach*, 46 Cal. App. 5th 238, 262 (2020) (same); *Galvan v. Dameron Hosp. Ass'n*, 37 Cal. App. 5th 549, 566 (2019) (same); *see also Wilson v. Cable News Network, Inc.*, 7 Cal. 5th 871, 885 n.5 (2019) (FEHA discrimination and retaliation case citing *Lyle* and *Hughes*).

And indeed, as Defendants pointed out in their Motion, federal courts in California have routinely relied on *Hughes*, *Lyle*, and *Haberman* in granting motions to dismiss since 2019.  (*See* ECF. No. 10 at 10 (collecting selected cases).)[3]  The fact that all of these state and federal courts

_____

[3] For other federal cases citing *Hughes*, *Lyle*, or *Haberman* since 2019, see *Judd v. Weinstein*, 967 F.3d 952, 956 (9th Cir. 2020) (sexual harassment case citing *Hughes*); *Tijerina v. Alaska Airlines, Inc.*, No. 22-CV-203 JLS (BGS), 2024 WL 270090, at *7 (S.D. Cal. Jan. 24, 2024) (same); *Villalobos v. Costco Wholesale Corp.,* No. 2:23-cv-00622-DJC-JDP, 2023 WL 5108499, at *10 (E.D. Cal. Aug. 9, 2023) (FEHA sexual harassment case citing *Lyle* and *Hughes*); *Desmond v. Charter Commc'ns, Inc.*, No. 3:19-CV-2392-AJB-MDD, 2021 WL 3034021, at *11 (S.D. Cal. July 19, 2021) (same), *aff'd*, No. 21-55756, 2022 WL 17077528 (9th Cir. Nov. 18, 2022); *Croft v. GTT Commc'ns, Inc.*, No. 21-CV-01083-EMC, 2021 WL 1847816, at *7 (N.D. Cal. May 10, 2021) (same); *Carrico v. CNA Ins.*, No. LA CV18-01445 JAK (JPRx), 2020 WL 5797698, at *11 (C.D. Cal. June 1, 2020); *Luke v. Dough Boy Inc.*, No. 2:18-cv-07456-ODW (GJSx), 2020 WL 70832, at *4 (C.D. Cal. Jan. 7, 2020); *Nisbet v. Am. Nat'l Red Cross*, 795 F. App'x 505, 508 (9th Cir. 2019) (FEHA sexual harassment case citing *Hughes*' sexual harassment standard); *Nand v. FedEx Ground Package Sys., Inc.*, No. 2:23-cv-01142 DJC AC, 2024 WL 1306170, at *5 (E.D.

continue to cite *Hughes*, *Lyle*, and other pre-2019 authority conclusively establishes that their holdings remain good law.

Finally, the text of section 12923 demonstrates that the Legislature did not intend to overrule every pre-2019 authority, let alone *Lyle* and *Hughes* specifically.  The Legislature took pains to state explicitly in section 12923 that it disagreed with the holdings of two specific sex harassment cases: *Brooks*, 229 F.3d 917 and *Kelley*, 196 Cal. App. 4th 191.

Plaintiff's Opposition asks this Court to assume that the Legislature intended to overrule cases that it did not mention, and on which dozens of courts continue to rely.  It is "a settled rule of statutory construction that 'where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed.'"  *Quarry*, 53 Cal. 4th at 970.  When interpreting section 12923, "[the] court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language.  The court is limited to the intention expressed."  *People v. One 1940 Ford V-8 Coupe*, 36 Cal. 2d 471, 475 (1950).  The California Legislature enumerated the cases it was overruling.  This Court should abide by—not stray beyond—that directive.

### 3.   Section 12923(e) Cannot Change the Federal Courts' Standards for Deciding Motions to Dismiss or Motions for Summary Judgment.

Plaintiff insists that section 12923(e) prohibits the Court from granting Defendants' Motion because it states that "[h]arassment cases are rarely appropriate for disposition on

---

Cal. Mar. 25, 2024) (same); *Artz v. Salon*, No. 2:23-cv-01599-DJC-DB, 2023 WL 7987613, at *3 (E.D. Cal. Nov. 17, 2023) (same); *Murray v. Diel*, No. 2:22-cv-07473-SB-KS, 2023 WL 5505987, at *3 (C.D. Cal. July 7, 2023) (same); *James v. PC Matic, Inc.*, No. CV 23-1506-MWF (KSx), 2023 WL 4291668, at *8 (C.D. Cal. May 17, 2023) (FEHA sexual harassment case citing *Lyle*'s sexual harassment standard); *Alexiadis v. Cambridge Systematics, Inc.*, No. LA CV21-08564 JAK (PVCx), 2022 WL 3137458, at *9 (C.D. Cal. June 15, 2022) (same); *Geer v. Siemens Med. Sols. USA, Inc.*, No. 20-cv-05613-SVK, 2021 WL 4979426, at *6 (N.D. Cal. Sept. 24, 2021) (same); *Bayne v. Bowles Hall Found.*, No. 21-cv-01959-JCS, 2021 WL 3426921, at *14 (N.D. Cal. Aug. 5, 2021) (same); *Harlow v. Chaffey Cmty. Coll. Dist.*, No. CV 18-1583 DSF (SHKx), 2021 WL 2384702, at *12 (C.D. Cal. Mar. 15, 2021), *aff'd*, No. 21-55349, 2022 WL 4077103 (9th Cir. Sept. 6, 2022) (same); and *Valdovinos v. Cushman & Wakefield U.S., Inc.*, No. 21-cv-01924-JCS, 2022 WL 1471418, at *10 (N.D. Cal. May 10, 2022) (FEHA discrimination case citing *Haberman*'s harassment standard).

1  summary judgment," thereby "discourag[ing] courts from dismissing harassment claims through

2  pre-trial motion practice." (ECF No. 22 at 7). But section 12923(e) has no bearing on this Court's

3  power to dismiss claims under Rule 12(b)(6).

4        It is well settled under *Erie R. Co. v. Tompkins* that "federal courts sitting in diversity

5  jurisdiction apply state substantive law and federal procedural law." *Freund v. Nycomed*

6  *Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (citing 304 U.S. 64). The California Legislature can

7  dictate what conduct constitutes a violation of FEHA, but it cannot lower the bar for determining

8  whether a plaintiff has plausibly pled a FEHA violation pursuant to Federal Rule of Civil

9  Procedure 12(b)(6) and the U.S. Supreme Court's holdings in *Twombly* and *Iqbal*.[4] Thus, federal

10  courts have routinely dismissed FEHA sex harassment claims when plaintiffs fail to meet the

11  pleading standards of Rule 12(b)(6). Defendants have cited numerous such examples in their

12  Motion. (*See* ECF No. 22.)

13        **4.**      **Plaintiff Has Not Pled That She Suffered Harassment "Because of Sex."**

14        In their Motion, Defendants argued that the three incidents of alleged "sexual" harassment

15  in Plaintiff's Complaint were insufficient to show severe or pervasive harassment. Plaintiff does

16  not contend in her Opposition that those incidents are sufficient to state a claim.[5]

17

---

18  [4] In an analogous example, plaintiffs who wish to bring a fraud claim in federal court must meet the particularity pleading requirement of Rule 9(b), despite the fact that there is no such

19  requirement in the state of California. "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the

20  Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule" and thus it applies regardless of the state statute at issue. *Vess v. Ciba-*

21  *Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985)).

22

23  [5] Plaintiff's Opposition materially misstates one of the three incidents she alleged in her Complaint. In her Opposition, she claims that Giamatteo tried "to sit uncomfortably close to her,"

24  (ECF No. 22 at 5), but her Complaint alleges only that Giamatteo vaguely "tried to get close to her." (Compl. ¶ 29.) Defendants pointed out the vague nature of this allegation in their Motion

25  (ECF No. 10 at 12 ("Indeed, it is unclear from the complaint whether Plaintiff accuses Giamatteo of trying to 'get close' to her physically versus interpersonally.").) In ruling on a motion to

26  dismiss, courts are "generally limited to the contents of the complaint." *Lopez v. Regents of Univ.*

27  *of Cal.*, 5 F. Supp. 3d 1106, 1113 (N.D. Cal. 2013). This Court should thus decline to consider Plaintiff's after-the-fact attempt to embellish her allegation in the context of evaluating the

28  sufficiency of the Complaint. Moreover, even if Plaintiff were to amend her Complaint to clarify that

1    Rather, Plaintiff urges the Court to consider her allegations of nongendered, nonsexual

2  workplace grievances—such as the fact that she was allegedly excluded from meetings—as

3  support for her sexual harassment claim.  (ECF No. 22 at 5–6.)  Plaintiff contends that allegations

4  of ordinary workplace friction can state a claim for sexual harassment as long as a plaintiff also

5  includes a bare assertion that the alleged mistreatment was based on sex.  (*Id.*)  In doing so,

6  Plaintiff relies on a single case from the California Court of Appeal: *Thomas v. Regents of*

7  *University of Cal.*, 97 Cal. App. 5th 587.  But that case has no bearing on the pleading standards

8  she must satisfy here.  *See Valenzuela v. Kroger Co.*, No. CV 22-6382-DMG (AGRx), 2024 WL

9  1336959, at *4 (C.D. Cal. Mar. 28, 2024) ("[W]hile Plaintiff asks the Court to follow [*Thomas*] to

10  find that the FAC's allegations are sufficient, this argument overlooks the different pleading

11  standards in federal court.").

12    To satisfy the pleading standards in federal court, Plaintiff must plead facts that make out a

13  plausible claim on each essential element of the cause of action.  *See Ashcroft v. Iqbal*, 556 U.S.

14  662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that

15  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

16  alleged.").  "Conclusory allegations of law and unwarranted inferences are insufficient" to state a

17  claim for relief.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  To sustain a FEHA sex

18  harassment claim, Plaintiff must plead *facts* showing that "gender is a substantial factor in the

19  discrimination."  *Lyle*, 38 Cal. 4th at 280.

20    Here, Plaintiff offers nothing but a threadbare assertion to tie a litany of alleged workplace

21  slights to sex.  There is nothing inherently sexual or sex-motivated about Plaintiff's allegations

22  that Giamatteo excluded her from meetings, told people she was not a good collaborator, or told

23  people he wanted her out of the company.  (Compl. ¶ 34.)  Instead, Plaintiff offers the mere

24  conclusion that Giamatteo's conduct was an "attempt[] to bully her into being a woman that was

25  submissive and subordinate to him." (Compl. ¶ 1.)  Plaintiffs' Opposition cites no factual

26

27  ─────────────

28  Giamatteo tried "to sit uncomfortably close to her," that allegation would still be insufficient to plead a
sex harassment claim.

allegations to support her claim that Giamatteo's alleged harassment was tied to sex.  Instead, she claims that conclusory allegations suffice.  As she puts it, she "alleged that Giamatteo harassed and undermined her because [she] was a woman who refused to submit to him and conform to sexist stereotypes about docility and obedience.  Had she been a man, none of this would have happened.  *Accordingly,* she has adequately pled sexual harassment."  (ECF No. 22 at 8 (emphasis added).)

Federal authorities disagree.  The Ninth Circuit has held that a complaint cannot survive a motion to dismiss by merely declaring that the complained-of conduct is tied to sex.  In *Austin*, 925 F.3d 1133, the Ninth Circuit held that students had failed to state a Title IX claim because they did not "make any plausible link connecting the[] events and the University's disciplinary actions to the fact that the student athletes are male."  *Id.* at 1138.  Austin clarified that, when a cause of action requires a plaintiff to show that conduct was on the basis of sex:  "Just saying so is not enough.  A recitation of facts without plausible connection to gender is not cured by labels and conclusory statements about sex discrimination."  *Id.*

Other federal courts interpreting sexual harassment claims under California law have reached the same result.  *See Mayes v. Kaiser Found. Hosps.*, 917 F. Supp. 2d 1074, 1079 (E.D. Cal. 2013) ("[A]lthough plaintiff describes some of the events leading to his termination, he provides no meaningful detail suggesting the termination was because of his race or sex."); *see also Griffin v. L.A. Cnty.*, No. 8:21-cv-00981-DOC (JDEs), 2021 WL 9722631, at *4 (C.D. Cal. June 25, 2021) (complaint that identified some general issues at work but which provided "'no meaningful detail[s] suggesting' that any of these actions were taken because of her race or gender," failed to meet the federal pleading standard, even where Plaintiff included the "conclusory allegation" that she was "aware of other similarly situated not of [her] protected group who had more leniency"), *vacated and remanded on other grounds*, No. 21-55716, 2022 WL 17099125 (9th Cir. Nov. 17, 2022).

Plaintiff does not acknowledge or address this case law in her Opposition.  Instead, she directs the Court to the pleading standards for fraud, which do not apply.  (*See* ECF No. 22 at 7.) She also mischaracterizes Defendants' argument by asking the Court to "reject any argument that

1    sexual harassment must be lewd and lascivious."  (ECF No. 22 at 8.)  But Defendants did not

2    argue in their Motion that sexual harassment must be lewd or lascivious.  Rather, Defendants

3    faithfully applied the federal pleading standard to show that Plaintiff's workplace allegations are

4    devoid of any plausible relationship to her sex.

5           Plaintiff also insists that the Court sweep in her nonsexual allegations because it "must

6    analyze Giamatteo's course of conduct as a whole, under the totality of the circumstances."  (ECF

7    No. 22 at 6.)  Defendants' Motion acknowledged that courts must consider "all the circumstances"

8    when assessing a sexual harassment claim (ECF No. 10 at 12).  But that does not relieve Plaintiff

9    of her duty to plead facts sufficient for the Court to conclude that each of those allegations is

10   plausibly tied to her sex.  Plaintiff simply ignores all of the case law explaining that a plaintiff

11   cannot plead sexual harassment by making allegations about "behavior that is not sexual at all nor

12   connected to sexual allegations."  *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1250–52

13   (N.D. Cal. 2014).

14          Finally, Plaintiff fails to address Defendants' authority distinguishing sexual harassment

15   claims from retaliation claims (which Plaintiff has also pled against BlackBerry).  She claims,

16   with no citation to any authority, that an "adverse action can[] be both retaliatory and harassing,"

17   (ECF No. 22 at 9), and points out that Federal Rule of Civil Procedure 8(d)(3) allows her to plead

18   multiple theories of the case at one time.  (*Id.*)  But California courts and federal courts both hold

19   that a plaintiff cannot tack on a sexual harassment claim when all she has pled is nongendered or

20   nonsexual retaliation.  *See, e.g.*, *Haley v. Cohen & Steers Cap. Mgmt., Inc.*, 871 F. Supp. 2d 944,

21   957–58 (N.D. Cal. 2012) (defendant's "treatment of plaintiff on conference calls . . . and his

22   decisions with respect to [her] transfer and commission decisions," after she reported him for

23   sexual harassment did not constitute "harassment with respect to plaintiff's gender"); *Brennan v.*

24   *Townsend & O'Leary Enters., Inc.*, 199 Cal. App. 4th 1336, 1360 (2011) (rejecting sex harassment

25   claim based on allegations that plaintiff was excluded from meetings and shunned in the

26   workplace after reporting sexual harassment).

27          Plaintiff alleges that her workplace friction with Giamatteo began in retaliation for her

28   complaining about him to former BlackBerry CEO John Chen.  (Compl. ¶ 34.)  Even if Plaintiff

could sustain a sexual harassment claim based on the three minor, allegedly "sexual" incidents in her Complaint (she cannot), any alleged nonsexual, nongendered workplace incidents that occurred afterward are not actionable as part of her sexual harassment claim.  *See Brennan*, 199 Cal. App. 4th at 1360 (holding that "acts of supposed 'retaliation' were in response to [plaintiff] pursuing legal action against the agency [for sexual harassment], not because of her gender").

### 5. Plaintiff Fails to Cite a Single Case Where Courts Have Found Analogous Allegations Sufficient to State a Sexual Harassment Claim.

Plaintiff relies on *Thomas* throughout her Opposition, but *Thomas* does not actually support her claim that ordinary workplace grievances constitute sex harassment.  Rather, the plaintiff in *Thomas* pled a sexual harassment claim based on "allegations of pervasive on-going harassment" from her soccer coach, where her coach "referr[ed] to players' sexual activity" and made "unwelcome and inappropriate comments" about young women's bodies, such as "call[ing] out" a young woman's physique and "call[ing] her 'weak.'"  97 Cal. App. 5th at 612, 614.  Those allegations "support[ed] a reasonable inference that the harassment was based on gender."  *Id.* at 614.  In contrast, Plaintiff does not point to anything gendered or sexual about Giamatteo's alleged conduct at work.

Plaintiff also relies heavily in her Opposition upon *Beltran*, but that case also confirms that Plaintiff's allegations are not sufficiently tied to her sex to plead a FEHA sex harassment claim. 97 Cal. App. 5th at 880.  The plaintiff in *Beltran* alleged she experienced multiple incidents of sexual harassment from defendant over several months, including leering gestures, hand massages, and inappropriate questions, as well as a severe incident where defendant slapped or groped her buttocks.  *Id.*  Those allegations are clearly distinct from the ordinary workplace grievances Plaintiff alleges in her Complaint.  Plaintiff, in fact, fails to cite a single other FEHA sex harassment case involving factually analogous allegations to hers.

Defendants' Motion cited numerous cases where allegations of expressly gendered conduct or behavior that were far more problematic than what Plaintiff alleges here were held to *not* be sexual harassment.  *See, e.g.*, *Hughes*, 46 Cal. 4th at 1040, 1043 (three isolated sexual remarks, including the statement defendant would "get [plaintiff] on [her] knees eventually" and "fuck [her]

1  one way or another," were insufficient to constitute sex harassment); *Haberman*, 180 Cal. App.

2  4th at 383–84 (numerous sexual jokes, remarks about plaintiff's appearance, and explicit

3  discussions of sex with plaintiff were insufficient to show pervasive or severe harassment).

4      In sum, Plaintiff's allegations are inadequate to show that she suffered either pervasive or

5  severe harassment on the basis of her sex.  This Court should dismiss her FEHA claims entirely.

6      **B.      Plaintiff Has Not Pled Facts Showing Sex Discrimination in Pay.**

7      Plaintiff's Complaint fails to include basic facts—such as her job title, role, or level of

8  experience—that are essential to assess her allegation that her position was substantially similar to

9  that of John Giamatteo.  (Compl. ¶ 86.)  Plaintiff alleges only vague descriptions of her job

10 responsibilities, such as that she "held several positions in the executive team," maintained

11 "executive level responsibility," and achieved "expanded success" based on financial metrics and

12 customer and prospect engagement, (Compl. ¶¶ 15, 18, 25.)[6]  As to Giamatteo, she alleges nothing

13 more than that he was "President of the Cyber [Business Unit]," with no description of what that

14 job entailed.  (Compl. ¶ 24.)  Much like her Complaint, Plaintiff's Opposition similarly contains

15 vague statements like that Plaintiff and Giamatteo were both "executive-level employees tasked

16 with growing BlackBerry's business."  (ECF No. 22 at 10.)

17     These allegations do not demonstrate that Plaintiff and Giamatteo's "roles required

18 substantially equal skill, effort, and responsibility" so as to sustain a section 1197.5 claim.  *James*

19 *v. PC Matic, Inc.*, No. CV 23-1506-MWF (KSx), 2023 WL 4291668, at *11 (C.D. Cal. May 17,

20 2023) (dismissing section 1197.5 claim because plaintiff pled no facts showing that "colleagues do

21 substantially similar work").  Plaintiff is required to make "specific, factual allegations comparing

22 _____

23 [6] In defiance of federal precedent, Plaintiff unilaterally adopted a pseudonym without seeking
   leave of this Court.  *See, e.g.*, *EEOC v. ABM Indus. Inc.*, 249 F.R.D. 588, 592 (E.D. Cal. 2008)

24 ("[P]laintiffs must obtain leave to proceed under fictitious names." (citing *Does I thru XXIII v.
   Advanced Textile Corp.*, 214 F.3d at 1063–64, 1067–68 (9th Cir. 2000)); *Doe v. Pierce Cnty.*, No.

25 5:19-cv-0005, 2019 WL 1937577, at *4 (S.D. Ga. May 1, 2019) ("Merely deciding to proceed
   anonymously without first seeking leave of the Court violates Federal Rule of Civil Procedure

26 10(a)."); *cf.* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . .").
   Defendants are left to presume that Plaintiff omitted her job title, role, and pay pursuant to this

27 self-approved decision to remain anonymous.  Plaintiff cannot be permitted to use anonymity as
   both sword and shield—she chose to exclude this potentially identifying information, but that does

28 not excuse her failure to allege sufficient facts to support a claim of wage discrimination.

1    the 'skill, effort, and responsibility' required for the two positions." *Banawis-Olila*, 2016 WL

2    4070133, at *3.  Because she has not done so, her claim under section 1197.5 should be

3    dismissed.[7]

4           Plaintiff also asserts that she was not required to name multiple male comparators for her

5    claim, despite the fact that section 1197.5 requires comparison of wages between "employees" of

6    the opposite sex.  Cal. Lab. Code § 1197.5.  Plaintiff relies on a California case, *Allen v. Staples,*

7    *Inc.*, 84 Cal. App. 5th 188, 194–95 (2022) for the proposition that a single comparator is sufficient

8    to make a prima facie claim under section 1197.5.  (ECF 22 at 10.)  *Allen*, in turn, relied on a

9    federal case from the District of New Jersey which held that a single comparator suffices to make

10   a claim under the federal Equal Pay Act.  *Allen*, 84 Cal. App. 5th at 194–95 (citing *Dubowsky v.*

11   *Stern, Lavinthal, Norgaard & Daly*, 922 F. Supp. 985, 990 (D.N.J. 1996)).

12          The language in *Dubowsky* and *Allen* does not reflect the law in the Ninth Circuit,

13   however.  In this circuit, a plaintiff must provide multiple employees as comparators for a federal

14   Equal Pay Act claim unless there are no other opposite-gender employees performing similar

15   work.  *See Hein*, 718 F.2d at 916 (holding that "the language of the Equal Pay Act . . . requires

16   comparison to 'employees' of the opposite sex").  Courts in this District assessing section 1197.5

17   claims have likewise concluded that plaintiffs must provide multiple male comparators if there are

18   similarly situated male employees present in the workplace.  *See Davis v. Inmar, Inc.*, No. 21-cv-

19   03779 SBA, 2022 WL 3722122, at *5 (N.D. Cal. Aug. 29, 2022) (dismissing a section 1197.5

20   claim because plaintiff provided only a single comparator); *see also Duke v. City Coll. of S.F.*, No.

21   19-cv-06327-PJH, 2020 WL 512438, at *7 (N.D. Cal. Jan. 31, 2020) (same).

22

23

24

25

---

26   [7] Plaintiff cites a California case to argue that a complaint need not be a "model of pleading" to
     survive a demurrer in state court.  (ECF No. 22 at 9 (citing *Bass v. Great W. Sav. & Loan Ass'n*,
27   58 Cal. App. 3d 770, 773–74 (1976)).)  That is wholly irrelevant here, where the pleading standard
     is governed by Rule 12(b)(6).
28

Even if this Court is inclined to follow *Allen*, it would not save Plaintiff's section 1197.5 claim.  Her independent failure to plead allegations showing that she and Giamatteo performed substantially similar work under similar conditions is a sufficient basis to dismiss her claim.[8]

**C.     The Court Should Strike Plaintiff's Harassment and Discrimination Allegations From Her Fourth Cause of Action.**

As Defendants explained in their Motion, Plaintiff cannot sustain claims for failure to prevent harassment or discrimination because Plaintiff has not adequately pled that any underlying harassment or discrimination occurred.  The Court should strike the terms "harassment" and "discrimination" from Plaintiff's fourth cause of action against BlackBerry for failure to prevent harassment, discrimination, and retaliation.

**D.     The Court Should Dismiss Plaintiff's Claim for Failure to Pay Wages Promptly and Strike Plaintiff's Negligent Hiring Claim.**

Plaintiff concedes that she cannot sustain claims for failure to pay wages promptly or negligent hiring.  (ECF No. 22 at 11.)  This Court should therefore dismiss Plaintiff's section 201 claims and strike all references to negligent hiring throughout the Complaint.

**III.     CONCLUSION**

Defendants respectfully request that this Court grant the Motion to Dismiss and Motion to Strike entirely.

DATED:  July 8, 2024                              MUNGER, TOLLES & OLSON LLP


By: _____
                                                             KATHERINE M. FORSTER

Attorneys for Defendants BLACKBERRY CORPORATION and JOHN GIAMATTEO

---

[8] Plaintiff does not dispute that her discriminatory pay claim against Giamatteo was improper and should be dismissed.  (ECF No. 22 at 9 n.2.)