Maria A. Bourn
Anthony Tartaglio
GOMERMAN | BOURN & ASSOCIATES
825 Van Ness Ave, Suite 502
San Francisco, CA 94109
Telephone: (415) 545-8608
Email: maria@gobolaw.com
tony@gobolaw.com

Attorneys for Plaintiff
NEELAM SANDHU

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEELAM SANDHU, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BLACKBERRY CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No.: 3:24-cv-02002-SK<br><br>**PLAINTIFF'S LR 79-5 STATEMENT REGARDING DOCUMENTS FILED UNDER SEAL**<br><br>Judge: Hon. Sallie Kim<br><br>Hearing Date: November 17, 2025<br>Hearing Time: 9:30 AM<br>Courtroom C |

As part of its motion for sanctions (ECF No. 86), Defendant filed certain of Plaintiff's documents redacted and under seal:

| Document | Portions Sought to be Redacted/Sealed | Reason for request to redact/seal |
|---|---|---|
| 86 (MPA) | p. 9, line 28: p. 10, lines 1-8 and right-hand side of table | Discussions of private messages between Plaintiff and confidantes |
| 86-2 (Initial Disclosures) | "Contact Information" column | Witness contact information |
| 86-4 (First Amended Initial Disclosures) | "Contact Information" column | Witness contact information |
| 86-7 Messages | Entire document | Private messages between Plaintiff and confidantes |
| 86-8 deposition transcript | Page 3, lines 3 & 6 | Discussions of private messages between Plaintiff and confidantes |
| 86-10 (Second Amended Initial Disclosures) | "Contact Information" column | Witness contact information |

These redactions/sealings fall into one of two buckets.

The first bucket is witness contact information included in initial disclosures. Personal identifying information should be redacted because it could be used to steal a witness's identity, harass them, or physically track them down. And for the purposes of this motion, the witnesses' contact information is irrelevant (the motion is to exclude two witnesses from testifying at trial). The public can fully appreciate the issues raised in the motion without knowing the precise contact information for the witnesses.

The second bucket concerns private messages that Plaintiff sent to her sister and friend. They largely consist of Plaintiff's venting about how some of her coworkers mistreated her.

(Sandhu Declaration). (Some of those coworkers are expected to be trial witnesses). The messages include profanity and nicknames that might be construed as derogatory. (*Id.*)

These messages were sent privately between Plaintiff and her sister and close friend. (Sandhu Declaration). They constitute raw, emotional venting. (*Id.*). They were never intended to be shared publicly. (*Id.*). The participants therefore had an expectation of privacy much greater than would be expected in a professional context (such as at work). And permitting Defendant to publicly file the messages—against Plaintiff's wishes—would embarrass both Plaintiff and her two confidantes (neither of whom ever agreed to waive any of their privacy rights). (*Id.*). It might even hurt her ability to keep a new job. (*Id.*). Indeed, Defendant's insistence[1] on filing 24 pages of these messages, without redactions, appears to be an effort to humiliate Plaintiff, which is consistent with Plaintiff's theory that Blackberry retaliated against her (and is continuing to do so even now).

Additionally, sealing the documents would not inhibit the public's ability to understand the issues at play in the motion for sanctions. The motion for sanctions seeks to exclude two witnesses from testifying at trial. The key question is whether the witnesses were disclosed with enough time for Defendant to depose them. The documents are ancillary to the merits of the motion. Furthermore, the anticipated opposition brief (as well as this pleading) acknowledge that the messages are emotional venting about how Plaintiff was mistreated at work, and that the messages include profanity and nicknames that might be construed as derogatory. That description is sufficient to inform the public of the nature of the messages. The nitty-gritty details of what specific profanity and nicknames were used are not necessary for the public to understand the motion.

///

[1] Defendant initially unilaterally filed the messages on the public docket, without any attempt to redact or seal (even though the documents were marked "CONFIDENTIAL" under the protective order). (ECF 84). When this was brought to Defendant's attention, it grudgingly agreed to re-file the messages under seal. (ECF 85 & 86). During the parties' discussions, however, it was made clear to Plaintiff that Defendant would continue to seek to attempt to file the documents publicly.

For these reasons, Plaintiff respectfully requests that the Court sign the proposed order filed concurrently with this brief.

Dated: October 21, 2025

By: */s/ Anthony Tartaglio*