UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEELAM SANDHU,<br>    Plaintiff,<br>v.<br>BLACKBERRY CORPORATION, et al.,<br>    Defendants. | Case No. 24-cv-02002-SK<br><br>**ORDER ON MOTION FOR SANCTIONS**<br><br>Regarding Docket Nos. 86, 87 |

This matter comes before the Court upon consideration of the motion for sanctions filed by Defendant Blackberry Corporation ("Defendant"). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, and having had the benefit of oral argument, the Court hereby GRANTS Defendant's motion for the reasons set forth below.

The Court RESERVES RULING on the motion to seal documents designated as confidential by Plaintiff Neelam Sandhu ("Plaintiff"). By no later than December 1, 2025, Plaintiff shall provisionally file under seal the documents she contends are confidential, highlighting the specific portions she contends should be kept under seal. Plaintiff shall keep in mind that her request shall be narrowly tailored to only redact the confidential portions.

## BACKGROUND

Fact discovery closed in this case on September 26, 2025. On September 4, 2025, 22 days before that deadline, counsel for Plaintiff sent an email stating: "[P]lease take notice that Plaintiff is considering calling a friend and a sister as trial witnesses regarding the emotional harm she has suffered (Sunny and Bina) . . . I'm still working on getting contact info and last names from the client." (Dkt. No. 86-1 (Declaration of Craig Jennings Lavoie) at ¶ 11 and Ex. H.) On September 9, 2025, Plaintiff's counsel disclosed the witnesses last names but stated that he was still trying to obtain their contact information. (*Id*. at ¶ 12 and Ex. H.)

1    On September 15, 2025, eleven days before the discovery deadline, Plaintiff amended her disclosures under Federal Rule of Civil Procedure 26 ("Rule 26") to identify these two new witnesses to testify regarding Plaintiff's alleged emotional distress – Plaintiff's sister, Karamveen Bath ("Bath"), and her childhood friend, Sundeep Hundal ("Hundal").  Both live in the United Kingdom.  Plaintiff only provided email addresses for Bath and Hundal, even though Rule 26 requires addresses and phone numbers.

On September 16, 2025, Defendant served document requests on Plaintiff and sought a complete set of her communications with Bath and Hundal.  (Dkt. No. 87-2 ¶ 14 and Ex. J.)  Defendant sough an accelerated response and production in light of the discovery deadline, but Plaintiff's counsel refused.  (*Id.* at ¶ 15 and Ex. K.)  Defendant also prepared document subpoenas and emailed them to the email addresses provided for the new witnesses, asking whether they would accept service.  (*Id.* at ¶ 16 and Ex. L.)  Neither Bath nor Hundal responded.  (*Id.* at ¶ 16.)  Plaintiff's counsel responded, stating they do not represent the witnesses but also objected to the subpoenas on the grounds of lack of jurisdiction over the United Kingdom, issues with the place of compliance, and insufficient time, among other objections.  (*Id.* at ¶ 18 and Ex. M.)

**ANALYSIS**

Rule 26(a) requires a party to provide initial disclosures to identify the names, along with their addresses and phone numbers, "of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment".  Fed. R. Civ. P. 26(a)(1)(A).  Rule 26(e) requires a party to supplement initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(A)(1).  Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . ., unless the failure was substantially justified or is harmless." Fed. Rule. Civ. P. 37(c)(1).  Moreover, the Court may also, in addition to or instead of excluding such witnesses, "may order payment of the reasonable

expenses, including attorney's fees, caused by the failure", in addition to other sanctions.

Plaintiff bears the burden to demonstrate that her delay was harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir.2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness"). The Court has broad discretion in issuing such sanctions. *Id.* at 1106 ("[A]lthough we review every discovery sanction for an abuse of discretion, we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c) (1).").

Bath and Hundal are individuals Plaintiff knows and with whom she has close relationships. She offers no excuse as to why she delayed in disclosing their identities and email addresses to Defendant. Nor does she explain why her late disclosure would be harmless. The Court finds that her delay was unjustified. Additionally, allowing these new witnesses to testify without first providing Defendant sufficient discovery would cause harm to Defendant. Therefore, the Court finds that sanctions are warranted. However, because there is time to cure the harm to Defendants, the Court Orders that Plaintiff shall take the following action:

(1) Pay Defendant's reasonable attorney's fees incurred in addressing Plaintiff's delayed disclosures and in moving for sanctions;

(2) Provide responses to the discovery requests seeking Plaintiff's communications with Bath and Hundal by no later than November 28, 2025;

(3) Make both Bath and Hundal available for depositions either in person or by electronic means with a camera by no later than December 15, 2025;

(4) Provide Plaintiff for a further deposition for no more than two hours by no later than December 30, 2025, after both Bath and Hundal are deposed; and

(5) Pay Defendant's reasonable attorneys' fees and costs in conducting the further deposition of Plaintiff.

These attorneys' fees and costs shall be incurred by Plaintiff's counsel personally because it was counsel's error in failing to disclose these witnesses sooner. In the alternative, if Plaintiff does not want to incur these expenses, Plaintiff may elect to not call Bath or Hundal as witnesses. However, Plaintiff's counsel shall inform Plaintiff of this choice by November 28, 2025. If

Plaintiff makes this election, she need not comply with instructions (2) through (5) above but will be required to pay attorneys' fees incurred in addressing Plaintiff's delayed disclosures and in moving for sanctions.

Defendant shall provide declarations supporting these attorney's fees and costs by no later than January 16, 2025.

**IT IS SO ORDERED**.

Dated: November 18, 2025



SALLIE KIM
United States Magistrate Judge