UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEELAM SANDHU,<br>   Plaintiff,<br> v.<br>BLACKBERRY CORPORATION, et al.,<br>   Defendants. | Case No. 24-cv-02002-SK<br><br>**ORDER REGARDING PLAINTIFF'S RESPONSE TO COURT ORDER ON ADMINISTRATIVE MOTION TO SEAL**<br><br>Regarding Docket Nos. 87, 90, 106 |

On October 14, 2025, Defendant filed an administrative motion to consider whether another party's material should be sealed in connection with its motion for sanctions. (Dkt. Nos. 86, 87.) The materials at issue in the motion to seal were designated by Plaintiff as "confidential" pursuant to the protective order entered by the Court. (Dkt. No. 87.) On October 21, 2025, the Court issued an order setting deadlines for the motion to seal. (Dkt. No. 89.) Pursuant to the Court's order and Civil Local Rule 79-5(c)(1), Plaintiff filed a statement requesting that the Court keep the provisionally sealed documents under seal. (Dkt. Nos. 90.) Defendant filed a response to Plaintiff's statement, and Defendant argued that Plaintiff failed to meet its burden to demonstrate good cause for sealing and thus, that the text-message materials should not remain under seal. (Dkt. No. 94.)

In its November 18, 2025 order regarding Defendant's motion for sanctions, the Court reserved ruling on Defendant's motion to consider whether another party's material should be sealed. (Dkt. No. 100, p. 1.) The Court instructed Plaintiff to provisionally file under seal the documents it contends are confidential, highlighting the specific portions it contends should be kept under seal by December 1, 2025. (*Id.*) The Court emphasized that Plaintiff should narrowly tailor its request by only redacting confidential portions. (*Id.*) On December 1, 2025, Plaintiff filed a response to the Court's November 18, 2025 order. (Dkt. No. 106.) In its response, Plaintiff submitted redacted and unredacted versions of the documents it seeks to keep under seal. (*Id.*)

Upon review of Plaintiff's response, the Court cannot definitively determine which specific portions of the documents Plaintiff contends should remain under seal. Specifically, Plaintiff submits exhibits with information it deems confidential redacted and other exhibits with the same information unredacted. (Dkt. No. 106, p. 2.) Plaintiff must highlight (rather than redact) the specific portions it contends should be kept under seal. In addition, Plaintiff's statement, (Dkt. No. 90), does not adhere to Civil Local Rule 79-5(c). Plaintiff's amended response must include the following:

> a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
> (1)   the legitimate private or public interests that warrant sealing;
> (2)   the injury that will result if sealing is denied; and
> (3)   why a less restrictive alternative to sealing is not sufficient.

Civil L.R. 79-5(c)(1). Lastly, Plaintiff's renewed response must include a new proposed order (replacing Dkt. No. 92) that is narrowly tailored to seal only the sealable material, and lists in table format each document or portion thereof that is sought to be sealed. Civil L.R. 79-5(c)(3).

Plaintiff IS HEREBY ORDERED to provisionally file under seal the documents it contends are confidential and file a renewed response adhering to the requirements outlined above by December 22, 2025.

**IT IS SO ORDERED**.

Dated: December 8, 2025

_____
SALLIE KIM
United States Magistrate Judge