| | |
|---|---|
| 1 | KATHERINE M. FORSTER (State Bar No. 217609) |
| | Katherine.Forster@mto.com |
| 2 | CRAIG JENNINGS LAVOIE (State Bar No. 293079) |
| | Craig.Lavoie@mto.com |
| 3 | LAUREN N. BECK (State Bar No. 343375) |
| | Lauren.Beck@mto.com |
| 4 | KYRA E. SCHOONOVER (State Bar No. 343166) |
| | Kyra.Schoonover@mto.com |
| 5 | MUNGER, TOLLES & OLSON LLP |
| | 350 South Grand Avenue, Fiftieth Floor |
| 6 | Los Angeles, California 90071-3426 |
| | Telephone: (213) 683-9100 |
| 7 | Facsimile: (213) 687-3702 |
| 8 | Attorneys for Defendant BLACKBERRY CORPORATION |

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEELAM SANDHU, an individual, | Case No. 3:24-cv-02002-SK |
| Plaintiff, | **ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS SUBMITTED IN CONNECTION WITH DEFENDANT BLACKBERRY CORPORATION'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| BLACKBERRY CORPORATION, a Delaware Corporation, | |
| Defendant. | Judge: Hon. Sallie Kim |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant BlackBerry Corporation ("BlackBerry") respectfully moves the Court to seal portions of BlackBerry's Motion for Summary Judgment (Dkt. No. 111) and supporting documents. This Administrative Motion to File Under Seal is submitted pursuant to Civil Local Rule 79-5(c) and is supported by the Declaration of Jennifer Bramhill ("Bramhill Decl."), the Declaration of Phil Kurtz ("Kurtz Decl."), and the Proposed Order submitted herewith.

## **LEGAL STANDARD**

The Ninth Circuit holds that sealing is appropriate where the party seeking to seal demonstrates "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (quotation marks omitted). "Secrecy," courts recognize, "is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).

Courts recognize that compelling reasons exist to seal materials that disclose individuals' personally identifying information, including their names, particularly where those individuals are not parties to the case. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021); *see also id.* (citing cases). Courts further recognize that a compelling interest exists to protect employees who participate in internal investigations. *Cox v. First Student Inc.*, 2025 WL 3443100, at *4 (W.D. Wash. Dec. 1, 2025). Compelling reasons also exist to seal material that discloses "discussions of business strategy," *see e.g.*, *Prescott v. Reckitt Benckiser LLC*, No. 20-CV-02101-BLF, 2022 WL 847309, at *2 (N.D. Cal. Mar. 22, 2022), and "business information that might harm a litigant's competitive standing," *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). That includes non-public information about companies' customers. *See, e.g., In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) (noting that "customer information," may be subject to sealing).

# ARGUMENT

Recognizing that there is a presumption in favor of access to court papers, BlackBerry focuses this narrow motion to seal on five specific, highly sensitive categories of non-public information: (1) names of individual third parties, including individuals whose identities are not relevant to the case or whose names appear in documents discussing HR reports or investigations, or assessments of employee performance, prospects, or terminations; (2) complaints and reports shared by third parties and anonymous complainants in the context of internal investigations at BlackBerry; (3) other personally identifying information ("PII")—including home addresses, emails, and phone numbers—of individuals; (4) the identity of certain non-public BlackBerry customers; (5) details of non-public BlackBerry corporate strategy unrelated to this lawsuit, including details on company financial information and strategies related to potential transactions.

**1. Complaints from third-parties who participated in HR and other investigations, including anonymously.** As described in the Bramhill Declaration, Exhibits 2, 9, 10, 19, 21, 25, 26, 27, and 49 to the Declaration of Lauren Beck are documents that reveal complaints from third parties who participated in HR investigations. These third-party complaints contain sensitive information about employee grievances and may contain information that would reveal the identity or other personal characteristics of the complainants.

Courts recognize that compelling reasons exist to protect the privacy of non-party subjects of internal investigations, as well as any non-party employees who may have participated in those investigations. *See Cox*, 2025 WL 3443100, at *4 (sealing materials related to the investigation and termination of a non-party, including identities of investigation participants); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (sealing identities of two former employees suspected of misconduct). This protection not only extends to the witnesses' identities, but also to the underlying sensitive information that was shared in complaints or investigation reports. *Johnson v. San Benito Cnty.*, No. 12-CV-03691-LHK, 2013 WL 6248274, at *7 (N.D. Cal. Dec. 3, 2013), *aff'd*, 640 F. App'x 649 (9th Cir. 2016) (finding that "compelling reasons" existed to seal "a report on a non-public, internal employment investigation").

**2. Names of individual third-parties identified in HR investigations, or documents related to employee performance, or materials related to third-party employees' separation from BlackBerry.** As described in the Bramhill and Kurtz declarations, Exhibits 2, 3, 4, 9, 10, 20, 25, 26, 27, 30, 31, 33, 34, 44, 45, 46, and 47 to the Beck Declaration are documents related to HR investigations or complaints or to employee performance that contain the names of third parties not directly involved in this case. The exhibits include references, by name, to both former and current employees, as well as employees of other companies. Some of these exhibits directly discuss details related to the company's intention to terminate specific employees who are not parties to this suit. BlackBerry requests narrow redactions on these documents, only to obscure the names, titles, and identifying information of individuals disclosed.

Recognizing that these individuals have a privacy interest in the details of their employment—including evaluation of their employment performance and prospects—and in complaints made by, concerning, or involving them in the course of confidential HR investigations, BlackBerry keeps these details closely held. Bramhill Decl. iso Motion to Seal at ¶ 5; Kurtz Decl. at ¶ 5. Public disclosure of this information would compromise the integrity of BlackBerry's internal personnel systems and processes—which promise employees privacy and depend on reports and information from company employees. *See id.*

Courts routinely find that information related to employee termination is sealable. *See, e.g.*, *Cox*, 2025 WL 3443100, at *4 (recognizing privacy interests in materials "relate[d] to the sensitive issue of a colleague's termination"). Details regarding the employment performance of nonparties are also commonly sealed. *See id.* (material regarding "performance issues, discipline, reasons for termination, and employment records" of third parties should be sealed because revealing such information could "lead to harassment and embarrassment for the third parties and infringes upon their privacy interests in keeping their employment records confidential."). So too is material relating to confidential internal investigations. *Johnson v. San Benito Cnty.*, No. 12-CV-03691-LHK, 2013 WL 6248274, at *7 (N.D. Cal. Dec. 3, 2013), *aff'd*, 640 F. App'x 649 (9th Cir. 2016) (finding that "compelling reasons" existed to support the sealing of "a report on a non-public, internal employment investigation"). Across each of these categories, third parties maintain privacy

rights that would be infringed upon if this information were to be made public. *See, e.g.*, *Music Grp. Macao Com. Offshore Ltd.*, 2015 WL 3993147, at *2 (sealing identities of employees suspected of misconduct because disclosure "would infringe the privacy rights of those two individuals").

**3. Personally identifying information, such as addresses and phone numbers.** Blackberry seeks to seal documents that contain personal information of party and non-party witnesses such as addresses and phone numbers. Exhibits 1, 5, 3, 8, 9, 11, 27, 34, 35, and 40 to the Beck Declaration are illustrative. Courts in this Circuit have consistently held that this kind of personal information should be sealed from public disclosure. *See, e.g.*, *Sinclair v. Agile Web Studios*, 2025 WL 690394, at *2 (N.D. Cal. Mar. 4, 2025) (noting that "personally identifiable information pertaining to third parties" likely satisfies the compelling reasons standard); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1139 (9th Cir. 2003) (ordering redaction of identifying information in third-party personnel records).

**4. The identity of non-public BlackBerry customers irrelevant to this litigation.** As described in the declaration of Jennifer Bramhill, Exhibits 1, 5, 8, 9, 29, and 41 to the Beck Declaration include the names of BlackBerry's current, former, or prospective customers who have not been disclosed publicly, and with which BlackBerry maintains agreements that require BlackBerry to preserve confidentiality over those parties' identities. BlackBerry seeks narrow redaction of those customers' identities, which are not relevant to any claim or defenses in this lawsuit. Disclosure of the customer names would implicate Blackberry's contractual obligations and would invade those third parties' reasonable expectations of privacy. Confidential contracts meet the "compelling reasons" standard for sealing. *See Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019). Finally, as discussed in the declaration of Jennifer Bramhill, disclosing the identity of non-public BlackBerry customers would harm the company's relationship with those entities. Bramhill Decl. iso Motion to Seal at p. 2. The public interest in disclosure related to the identities of these customers is especially weak because none are directly relevant to Plaintiff's lawsuit.

**5. Non-public discussions related to potential transactions, strategy, and considerations of BlackBerry leadership.** As described in the Declaration of Phil Kurtz, Exhibit

48 to the Beck Declaration reflects (a) internal observations regarding BlackBerry's revenue-forecasting tendencies and related financial planning; (b) contemplated or potential transactions, sell-offs, or discontinuation of products relating to BlackBerry's business; (c) internal debate and disagreements regarding business strategy and cultural dynamics between business units within the company, including the identities of individuals who have expressed views on different sides of those issues; and (d) similar strategic and operational assessments that BlackBerry does not share publicly. Kurtz Decl. ¶ 5-8. Disclosure of this material would reveal information that counterparties or competitors could exploit to disadvantage BlackBerry, including in potential transactions opposite the company. *See id.* at ¶ 6. Disclosure of this material also would reveal BlackBerry's strategic outlook to competitors, which they could leverage in their own planning to BlackBerry's disadvantage. *See id.* The information, moreover, is unrelated to this lawsuit. Courts recognize compelling interests in sealing materials that reveal confidential business strategy. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) ("discussions of business strategy" sealable); *see also, e.g., Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) ("Courts have found that 'confidential business information' in the form of," for example, "'financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard.") (citation omitted).

## CONCLUSION

For the foregoing reasons, BlackBerry respectfully requests that the Court seal the material identified in the accompanying Declarations of Jennifer Bramhill and Phil Kurtz.

DATED: December 10, 2025　　　　MUNGER, TOLLES & OLSON LLP

　　　　　　　　　　　　　　　　By: _____/s/ Lauren N. Beck_____
　　　　　　　　　　　　　　　　　　　LAUREN N. BECK

　　　　　　　　　　　　　　　　Attorneys for Defendant BLACKBERRY CORPORATION