1  KATHERINE M. FORSTER (State Bar No. 217609)
   Katherine.Forster@mto.com
2  CRAIG JENNINGS LAVOIE (State Bar No. 293079)
   Craig.Lavoie@mto.com
3  LAUREN N. BECK (State Bar No. 343375)
   Lauren.Beck@mto.com
4  KYRA E. SCHOONOVER (State Bar No. 343166)
   Kyra.Schoonover@mto.com
5  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
6  Los Angeles, California 90071-3426
   Telephone:     (213) 683-9100
7  Facsimile:     (213) 687-3702

8  Attorneys for Defendant BLACKBERRY
   CORPORATION

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEELAM SANDHU, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>BLACKBERRY CORPORATION, a Delaware Corporation,<br><br>            Defendant. | Case No. 3:24-cv-02002-SK<br><br>**DECLARATION OF JENNIFER BRAMHILL IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS SUBMITTED IN CONNECTION WITH DEFENDANT BLACKBERRY CORPORATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:     Hon. Sallie Kim |

# DECLARATION OF JENNIFER BRAMHILL

I, Jennifer Bramhill, hereby declare:

1. I am Vice President, People, QNX, at BlackBerry Ltd., the parent corporation of its United States subsidiary, BlackBerry Corporation. In this role, I am responsible for people programs for the QNX (formerly IoT) business unit. (Up until January 2025, BlackBerry's QNX division was referred to as IoT.) I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. I have worked at BlackBerry since January 2010 in a progressive series of human resources positions, including various vice president and senior director positions within human resources. In my human resources roles, I am involved in HR complaints and internal investigations, as well as operations related to employee performance and voluntary and involuntary employee separations.

3. I submit this declaration in support of BlackBerry's Administrative Motion to File Under Seal dated December 10, 2025.

4. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of BlackBerry's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of BlackBerry. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with a factual foundation.

5. As a matter of routine practice and internal policy, BlackBerry and its employees treat as confidential employee performance information, the content of HR complaints (whether anonymously submitted or by an identified complainant), the reports given as part of investigations of HR complaints and other investigations at the company, and employee and third-party personally identifying information. Such information, if publicly disclosed, would compromise the integrity of BlackBerry's internal HR, employee performance, and investigatory functions, which rely on—and promise to employees—a reasonable expectation of employee privacy in their reports and communications. That expectation of privacy is important to the thoroughness, reliability, and

integrity of BlackBerry's investigations and HR operations generally because it allows employees to participate without fear that their participation or the information they share will be disclosed. HR and other BlackBerry employees thus share this information only on a need-to-know basis. Public disclosure would not only erode BlackBerry's internal protections, but violate the reasonable expectations of privacy that employees and third-parties have in their employment-related information and their dealings with BlackBerry's HR and outside counsel.

6. I understand that the Administrative Motion to File Under Seal requests that the Court maintain the specific information identified below under seal. For the reasons stated below, this information is confidential and highly sensitive, and if publicly disclosed, could significantly impair BlackBerry's internal people operations and invade the privacy of third parties.

**Specific Information to Be Sealed**

- **BlackBerry's Motion for Summary Judgment**, at **Pages 1, 7, and 9**, contains discussion of executives who separated from BlackBerry at the same time as Plaintiff and the details regarding the circumstances of their separations, which are non-public. BlackBerry's proposed redactions are intended to protect the privacy of these executives and the circumstances of their departures.

- **Exhibit 1** contains excerpts from the deposition of John Chen. On **Page 22**, BlackBerry proposes to redact the names of two non-public BlackBerry clients that are not relevant to this lawsuit, and to whom BlackBerry has contractual obligations to maintain the customers' identity and the agreements as confidential. BlackBerry requests redactions over the names of those clients only. **Pages 56-59, 105, and 107** of the transcript also contain references to a former BlackBerry employee's separation from the company, and to the country of residence of another BlackBerry employee. Both individuals have an expectation of privacy that would be violated by disclosure, and BlackBerry's redactions are intended to protect the names and identities of these individuals.

- **Exhibit 2 (pp. 1-6)** is an investigation report prepared by outside counsel, which contains the names of two individuals who were the subject of that investigation and

the names of eleven individuals who were interviewed as part of the investigation. None of the named individuals is a party to this lawsuit, and each of them has an expectation of privacy that would be violated by disclosure. BlackBerry's proposed redactions cover the names of these individuals.

- **Exhibit 3 (pp. 93-96)** contains excerpts from the deposition of Neelam Sandhu. BlackBerry proposes to redact the names of two former BlackBerry employees who were the subject of an HR investigation that is discussed in the transcript. Both employees have a reasonable expectation of privacy regarding the investigation and their separation from the company. BlackBerry further proposes to redact a single numerical value regarding the value of a business transaction.

- **Exhibit 5 (p. 2)** is an email thread between a BlackBerry employee and a BlackBerry customer. It contains PII in the form of non-BlackBerry email addresses. It also contains the name of a third party to whom BlackBerry has contractual obligations to maintain the customer's identity and the agreement as confidential. BlackBerry proposes redactions for the PII and identity of the customer.

- **Exhibit 8** is an email thread, including attachments, from Plaintiff to BlackBerry's Former Chief Human Resources Officer, Nita White-Ivy. Pages **11 and 15** of this thread contain PII in the form of phone numbers. **Page 14** also contains the name of a third party to whom BlackBerry has contractual obligations to maintain the customer's identity and the agreement as confidential. BlackBerry's redactions are intended to protect the PII and the identity of the customer.

- **Exhibit 9** is Plaintiff's Second Amended Responses to BlackBerry's Interrogatories, Set One. **Page 5** contains the names of two non-party individuals who were the subject of an internal investigation. **Page 10** contains the name of a third party who is referenced briefly in one of Plaintiff's allegations, but otherwise bears no relevance to the lawsuit. **Page 16** contains the names, email addresses, and telephone numbers of non-party women who Plaintiff alleges experienced gender discrimination. **Pages 17-19** contain additional references by name and job title to some of the non-party

women referenced on **Page 16**, and to two additional women who Plaintiff alleges experienced gender discrimination issues (two former BlackBerry employees). Each of the individuals on Pages 5, 10, 16, and 17-19 has an expectation of privacy that would be violated by disclosure, and BlackBerry's redactions are intended to protect the names and identities of these individuals. **Page 6** contains the name of a third party to whom BlackBerry has contractual obligations to maintain the customer's identity and the agreement as confidential. BlackBerry's proposed redactions are intended to protect the identity of the customer. **Page 20** contains an excerpt of an anonymous complaint submitted to BlackBerry, which in part identifies the employment of the complainants. BlackBerry is seeking redactions to protect the identities and sensitive information of the third parties who provided information for the complaint.

- **Exhibit 10 (pp. 1, 3)** is a report of an internal investigation conducted by outside counsel in February 2023. It contains the names of employees interviewed or referenced as part of the investigation, who have an expectation of privacy that would be violated by disclosure. BlackBerry's proposed redactions are intended to protect the names of these individuals.

- **Exhibit 11 (p. 1)** is an email from Richard Curiale—a non-party and outside counsel to BlackBerry—to Plaintiff. It contains PII in the form of Mr. Curiale's phone number, and BlackBerry's proposed redactions are intended to protect this information.

- **Exhibit 13 (p. 1)** is an email from Richard Curiale—a non-party and outside counsel to BlackBerry—to John Chen. It contains PII in the form of Mr. Curiale's phone number, and BlackBerry's redactions are intended to protect this information.

- **Exhibit 19 (pp. 2-3)** is an anonymous complaint submitted to BlackBerry HR in October 2023. BlackBerry's proposed redactions are intended to protect the identities and information of whoever submitted the complaint.

- **Exhibit 20** contains excerpts from the deposition of Richard Lynch. **Pages 59- 63, 67-69, 70, 72-73, 75-76, 142-43, 144, 157, 183-84, 201, 202-03, 214, 215, 260** of the transcript contains references to the separation of three other executives who are not parties to this case. BlackBerry's redactions are intended to protect the names and identifying information of those three former employees, who have a reasonable expectation of privacy related to the circumstances of their departure, which are not public. **Pages 254-57, 258-59, 261, and 262-63** of the transcript also contain references to BlackBerry's internal financial attainment metrics for fiscal years 2022 and 2023. BlackBerry's redactions are intended to protect this sensitive and confidential business information, which is not reported publicly.

- **Exhibit 21** is a follow-up message to the anonymous complaint submitted to BlackBerry HR in October 2023. BlackBerry is seeking redactions to protect any potential identifying information of anyone involved in the complaint.

- **Exhibit 25 (pp. 3-4)** is a memorandum reflecting notes from an investigatory interview between Morrison & Forster, outside counsel for BlackBerry, and Plaintiff. It contains the names of third-party women who are not directly involved in this case and whose names arose during the course of the interview. Each of these individuals has an expectation of privacy that would be violated by disclosure. BlackBerry's proposed redactions are intended to protect the names and identities of these individuals.

- **Exhibit 26** is a copy of the report of Morrison & Forster's confidential investigation in November 2023, and a cover email to that report. **Pages 2-9, 11-16, 23-24, and 25-29** include the names and identifying information of third-party individuals who participated in the investigation or were named by other participants. BlackBerry's proposed redactions seek to protect any identifying information, including identifiable claims, complaints, or other information, for the third parties who provided information or were mentioned in the complaint. **Pages 19-22** include copies of the anonymous HR complaint submitted to BlackBerry in October 2023

(also produced as Exhibit 19) and a follow-up message to that complaint (also produced as Exhibit 21). BlackBerry's proposed redactions are intended to protect the identities and information of whoever submitted the complaint.

- **Exhibit 27** is a copy of the anonymized report of Morrison & Forster's confidential investigation in November 2023, and a cover email to that report. **Page 1** contains PII in the form of personal email addresses for members of BlackBerry's Board of Directors. **Report pages 6, 7, 8, 9, 10, 11, 13, 15, 16,** include the names and identifying information of third-party individuals who participated in the investigation or were named by other participants. BlackBerry maintains these documents as confidential, in order to protect its internal processes and the reasonable privacy expectations of employees and third parties. BlackBerry's proposed redactions are to protect the identities and sensitive information of those individuals. On **pages 20 through 23,** it also includes copies of the anonymous HR complaint submitted to BlackBerry in October 2023 (also produced as Exhibit 19), and a follow-up message to that complaint (also produced as Exhibit 21). BlackBerry's proposed redactions are intended to protect the identities and information of whoever submitted the complaint.

- **Exhibit 29** is an email thread that contains multiple emails referring in detail to BlackBerry customers. BlackBerry seeks to redact only the names of those customers, in order to preserve the customers' reasonable expectations of privacy. BlackBerry, additionally, does not disclose the identity of customers or the details of customer relationships as a regular practice. BlackBerry's proposed redactions are intended to protect the identity of the customer.

- **Exhibit 30 (pp. 97-100, 106-07, 177-78, 251-53)** contains excerpts from the deposition of John Giamatteo. The transcript contains discussion of three executives who separated from BlackBerry at the same time as Plaintiff and the details regarding the circumstances of their separations, which are non-public. BlackBerry's proposed

redactions are intended to protect the privacy of these three executives and the circumstances of their departures.

- **Exhibit 31 (pp. 66-67, 186)** contains excerpts from the deposition of Phil Kurtz. The transcript contains discussion of three executives who separated from BlackBerry at the same time as Plaintiff and the details regarding the circumstances of their separations, which are non-public. BlackBerry's proposed redactions are intended to protect the privacy of these three executives and the circumstances of their departures.

- **Exhibit 33 (p. 3)** is an email thread regarding severance calculations for two executives who are not parties to this case. BlackBerry seeks to seal the names and identifying information of those two former employees, who have a reasonable expectation of privacy related to the circumstances of their separation from the company.

- **Exhibit 34 (pp. 1-2)** is an email from Richard Lynch to BlackBerry's Board of Directors. It includes PII, in the form of personal email addresses for members of BlackBerry's Board of Directors, and the names and identifying information of two former executives who are not parties to this case and who exited the company in late 2023. BlackBerry seeks to seal the names and identifying information of those former employees, who have a reasonable expectation of privacy related to the circumstances of their separation from the company.

- **Exhibit 35 (pp. 1, 3)** is an email thread between Phil Kurtz and Richard Lynch. It contains PII in the form of sensitive, irrelevant information regarding an employee's family's health concerns, and the home address of Plaintiff Neelam Sandhu. BlackBerry's proposed redactions are intended to protect this sensitive information.

- **Exhibit 38 (p. 1)** is an email where Richard Curiale—a non-party and outside counsel to BlackBerry—forwards correspondence to John Chen. It contains PII in the form of Mr. Curiale's phone number, and BlackBerry's proposed redaction is intended to protect this information.

- **Exhibit 40 (p. 1)** is an email thread between Richard Curiale—a non-party and outside counsel to BlackBerry—and Plaintiff. It contains PII in the form of Mr. Curiale's phone number, and BlackBerry's redaction is intended to protect this information.

- **Exhibit 41 (p. 2)** is an email thread between John Chen and several BlackBerry employees. It contains the names of third parties, including third parties to whom BlackBerry has contractual obligations to maintain the customers' or potential customers' identities and the agreements as confidential. BlackBerry's proposed redaction is intended to protect the PII and the identity of the customers.

- **Exhibit 44 (pp. 26, 32-33, 38, 41, 42, 43, 44, 61, 107)** contains excerpts from the deposition of Colleen McMillan. The transcript contains references to third-party individuals who are not directly involved in this case and whose names arose in the context of complaints or personnel situations. BlackBerry's proposed redactions are intended to protect the names of these individuals.

- **Exhibit 45 (pp. 26-28, 30, 35-36, 55, 57-58, 59, 62)** contains excerpts from the deposition of Erin Ransom. The transcript contains references to third-party individuals who are not directly involved in this case and whose names arose in the context of complaints or personnel situations. BlackBerry's proposed redactions are intended to protect the names of these individuals.

- **Exhibit 46 (pp. 38-39, 41, 76, 80, 81, 82, 83, 84, 85, 86, 87, 91, 101)** contains excerpts from the deposition of Mary Slimmon. The transcript contains references to third-party individuals who are not directly involved in this case and whose names arose in the context of HR-related matters. BlackBerry's proposed redactions cover the names of these individuals.

- **Exhibit 47 (pp. 30-32)** contains excerpts from the deposition of Sarah Tatsis. The transcript contains references to third-party individuals who are not directly involved in this case and whose names arose in connection with HR-related matters. BlackBerry's proposed redactions cover the names of these individuals.

- **Exhibit 50 (pp. 62-70, 76-81)** contains excerpts from my deposition. The transcript contains references to third-party individuals who are not directly involved in this case and whose names arose in the context of complaints or personnel situations. BlackBerry's proposed redactions are intended to protect the names of these individuals.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I executed this declaration on December 10, 2025, in Waterloo, Ontario, Canada.

DATED: December 10, 2025

By: *Jennifer Bramhill*
Signed by: D83072D418F74D9...

Jennifer Bramhill