KATHERINE M. FORSTER (State Bar No. 217609)
Katherine.Forster@mto.com
CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
LAUREN N. BECK (State Bar No. 343375)
Lauren.Beck@mto.com
KYRA E. SCHOONOVER (State Bar No. 343166)
Kyra.Schoonover@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendant BLACKBERRY CORPORATION

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEELAM SANDHU, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BLACKBERRY CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No. 3:24-cv-02002-SK<br><br>**SUPPLEMENTAL DECLARATION OF JENNIFER BRAMHILL IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS SUBMITTED IN CONNECTION WITH DEFENDANT BLACKBERRY CORPORATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:     Hon. Sallie Kim |

# DECLARATION OF JENNIFER BRAMHILL

I, Jennifer Bramhill, hereby declare:

1. I am Vice President, People, QNX, at BlackBerry Ltd., the parent corporation of its United States subsidiary, BlackBerry Corporation. In this role, I am responsible for people programs for the QNX (formerly IoT) business unit. (Up until January 2025, BlackBerry's QNX division was referred to as IoT.) I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. I have worked at BlackBerry since January 2010 in a progressive series of human resources positions, including various vice president and senior director positions within human resources. In my human resources roles, I am involved in HR complaints and internal investigations, as well as operations related to employee performance and voluntary and involuntary employee separations.

3. I submit this declaration in support of an errata regarding BlackBerry's Administrative Motion to File Under Seal, which I understand seeks additional redactions for **Exhibits 3, 9, 30, 31, and 34** to the Beck Declaration, which I understand were attached in support of BlackBerry's Motion for Summary Judgment and submitted on December 10, 2025.

4. The facts set forth below are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of BlackBerry's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of BlackBerry. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with a factual foundation.

5. *In my Declaration of December 10, 2025, I noted that:* "As a matter of routine practice and internal policy, BlackBerry and its employees treat as confidential employee performance information, the content of HR complaints (whether anonymously submitted or by an identified complainant), the reports given as part of investigations of HR complaints and other investigations at the company, and employee and third-party personally identifying information. Such information, if publicly disclosed, would compromise the integrity of BlackBerry's internal

HR, employee performance, and investigatory functions, which rely on—and promise to employees—a reasonable expectation of employee privacy in their reports and communications. That expectation of privacy is important to the thoroughness, reliability, and integrity of BlackBerry's investigations and HR operations generally because it allows employees to participate without fear that their participation or the information they share will be disclosed. HR and other BlackBerry employees thus share this information only on a need-to-know basis. Public disclosure would not only erode BlackBerry's internal protections, but violate the reasonable expectations of privacy that employees and third-parties have in their employment-related information and their dealings with BlackBerry's HR and outside counsel."

6. I understand that the errata to the Administrative Motion to File Under Seal requests that the Court maintain the additional information identified below under seal. For the reasons stated below, this information is confidential and highly sensitive, and if publicly disclosed, could significantly impair BlackBerry's internal people operations and invade the privacy of third parties.

**Additional Information to Be Sealed**

   a. **EXHIBIT 3** contains excerpts from the deposition of Neelam Sandhu. *In my Declaration of December 10, 2025, I noted that*, at **Pages 93-96:** "BlackBerry proposes to redact the names of two former BlackBerry employees who were the subject of an HR investigation that is discussed in the transcript. Both employees have a reasonable expectation of privacy regarding the investigation and their separation from the company. BlackBerry further proposes to redact a single numerical value regarding the value of a business transaction." *In addition*, at **Page 226**, Ms. Sandhu's deposition transcript reflects the name of a further former BlackBerry employee, whom Ms. Sandhu alleges in the deposition sexually harassed her. BlackBerry proposes to redact the name of this former BlackBerry employee.

   b. **EXHIBIT 9** is Plaintiff's Second Amended Responses to BlackBerry's Interrogatories, Set One. *In my Declaration of December 10, 2025, I noted that:* "**Page 5** contains the names of two non-party individuals who were the subject

|   |   |
|---|---|
| 1 | of an internal investigation.  **Page 10** contains the name of a third party who is |
| 2 | referenced briefly in one of Plaintiff's allegations, but otherwise bears no |
| 3 | relevance to the lawsuit.  **Page 16** contains the names, email addresses, and |
| 4 | telephone numbers of non-party women who Plaintiff alleges experienced gender |
| 5 | discrimination.  **Pages 17-19** contain additional references by name and job title |
| 6 | to some of the non-party women referenced on **Page 16**, and to two additional |
| 7 | women who Plaintiff alleges experienced gender discrimination issues (two |
| 8 | former BlackBerry employees).  Each of the individuals on Pages 5, 10, 16, and |
| 9 | 17-19 has an expectation of privacy that would be violated by disclosure, and |
| 10 | BlackBerry's redactions are intended to protect the names and identities of these |
| 11 | individuals.  **Page 6** contains the name of a third party to whom BlackBerry has |
| 12 | contractual obligations to maintain the customer's identity and the agreement as |
| 13 | confidential.  BlackBerry's proposed redactions are intended to protect the |
| 14 | identity of the customer.  **Page 20** contains an excerpt of an anonymous |
| 15 | complaint submitted to BlackBerry, which in part identifies the employment of |
| 16 | the complainants.  BlackBerry is seeking redactions to protect the identities and |
| 17 | sensitive information of the third parties who provided information for the |
| 18 | complaint."  *In addition*, at **Page 16**, the document lists the name of two former |
| 19 | BlackBerry employees whom the document indicates were the subjects of an HR |
| 20 | investigation.  Those individuals have a reasonable expectation of privacy, and |
| 21 | BlackBerry is seeking redactions to protect their names. |
| 22 | c.   **EXHIBIT 30** contains excerpts from the deposition of John Giamatteo.  *In my* |
| 23 | *Declaration of December 10, 2025, I noted that*, at **Pages 97-100, 106-07, 177-** |
| 24 | **78,** and **251-53**: "The transcript contains discussion of three executives who |
| 25 | separated from BlackBerry at the same time as Plaintiff and the details regarding |
| 26 | the circumstances of their separations, which are non-public.  BlackBerry's |
| 27 | proposed redactions are intended to protect the privacy of these three executives |
| 28 | and the circumstances of their departures."  *In addition*, at **Page 255**, the |

transcript references two of the same executives and discusses details of their separations from BlackBerry. BlackBerry proposes to again redact their names to protect their privacy. At **Page 136**, the transcript references the name of a female employee whom the transcript suggests complained to HR, and discusses the nature of that complaint. BlackBerry also proposes to redact the employee's name, to protect her privacy.

d. **EXHIBIT 31** contains excerpts from the deposition of Phil Kurtz. *In my Declaration of December 10, 2025*, *I noted that*, at **Pages 66-67** and **186:** "The transcript contains discussion of three executives who separated from BlackBerry at the same time as Plaintiff and the details regarding the circumstances of their separations, which are non-public. BlackBerry's proposed redactions are intended to protect the privacy of these three executives and the circumstances of their departures." *In addition*, **Pages 187-89** discuss a conversation between a former employee's attorney and BlackBerry regarding the circumstances and terms of that employee's separation from the company, and include non-public details of that discussion. BlackBerry's proposed redactions are intended to protect the privacy of the former employee.

e. **EXHIBIT 34** is an email from Richard Lynch to BlackBerry's Board of Directors. *In my Declaration of December 10, 2025, I noted that*, at **Pages 1-2**: "It includes PII, in the form of personal email addresses for members of BlackBerry's Board of Directors, and the names and identifying information of two former executives who are not parties to this case and who exited the company in late 2023. BlackBerry seeks to seal the names and identifying information of those former employees, who have a reasonable expectation of privacy related to the circumstances of their separation from the company." *In addition*, at **Page 1**, BlackBerry proposes to redact one additional instance of one of those individuals' names.

    f.  **EXHIBIT 49** contains excerpts from my deposition. ***In my Declaration of December 10, 2025, I noted that***, at **Pages 62-70** and **76-81**: "The transcript contains references to third-party individuals who are not directly involved in this case and whose names arose in the context of complaints or personnel situations. BlackBerry's proposed redactions are intended to protect the names of these individuals." That declaration referenced an Exhibit 50, however, I understand that the exhibit was in fact submitted as Exhibit 49.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I executed this declaration on December 10, 2025, in Waterloo, Ontario, Canada.

DATED: December 12, 2025

By: *Jennifer Bramhill*
      Signed by: D83072D418F74D9...

Jennifer Bramhill