1  Maria A. Bourn
2  Anthony Tartaglio
   GOMERMAN | BOURN & ASSOCIATES
3  825 Van Ness Ave, Suite 502
   San Francisco, CA 94109
4  Telephone: (415) 545-8608
   Email: maria@gobolaw.com
5         tony@gobolaw.com

6  Attorneys for Plaintiff
7  NEELAM SANDHU

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEELAM SANDHU, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BLACKBERRY CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No.: 3:24-cv-02002-SK<br><br>**[PROPOSED] ORDER GRANTING REQUEST TO SEAL DOCUMENTS IN DISCOVERY MOTION**<br><br>Judge: Hon. Sallie Kim<br><br>Hearing Date: November 17, 2025<br>Hearing Time: 9:30 AM<br>Courtroom C |

The Court recently ordered (ECF No. 110) that Plaintiff submit redacted versions of the documents she sought to seal as part of the motion filed at ECF No. 86. Plaintiff did so, and the Court now grants the requests to redact.

Because this was a discovery-related, non-dispositive motion, Plaintiff is required to show only "good cause" to redact portions of the filing.

"Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). "We have, however, carved out an exception to the presumption of access to judicial records, for a *sealed discovery document* attached to a *non-dispositive* motion, such that the usual presumption of the public's right of access is rebutted." *Id*. at 1179. (citation and quotations omitted). "Specifically, the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id*. at 1179. (citation and quotations omitted). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id*. at 1180. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FRCP 26(c).

| Exhibit # | Page # | Justification for Sealing |
|---|---|---|
| 1 (Defendant's Brief) | 5, line 28 to 6, line 4 | Protect plaintiff from "embarrassment," see FRCP 26(c)(1). In these personal and private messages, Plaintiff was venting about her former coworkers and using disparaging language that, if made public, would cause her embarrassment and might impact her ability to succeed in the workplace. Per FRCP 26(c)(1), this is a legitimate ground for redaction. These statements are also ancillary to the merits of the motion. |

| Exhibit # | Page # | Justification for Sealing |
|---|---|---|
| 1 (Defendant's Brief) | 6, line 8 & 6 right-hand side image | Protect plaintiff from "embarrassment," see FRCP 26(c)(1). In this personal and private message, Plaintiff was venting about her former coworkers in a way that, if made public, would cause her embarrassment and might impact her ability to succeed in the workplace (implying that they were difficult to get along with). Per FRCP 26(c)(1), this is a legitimate ground for redaction. This statement is also ancillary to the merits of the motion. |
| 2 (Initial Disclosures) | 1-6 | Protect witnesses from "annoyance," see FRCP 26(c)(1). Publicly filing witness contact information might subject them to unwanted communications. And their contact information has nothing to do with the merits of the motion. |
| 3 (First Amended Initial Disclosures) | 1-6 | Protect witnesses from "annoyance," see FRCP 26(c)(1). Publicly filing witness contact information might subject them to unwanted communications. And their contact information has nothing to do with the merits of the motion. |
| 4 (Exhibit F, text messages) | 8 | Protect plaintiff from "embarrassment," see FRCP 26(c)(1). In this personal and private message, Plaintiff was venting about her former coworker in a way that, if made public, would cause her embarrassment and might impact her ability to succeed in the workplace. Per FRCP 26(c)(1), this is a legitimate ground for redaction. This statement is also ancillary to the merits of the motion. |
| 4 (Exhibit F, text messages) | 11 | Protect plaintiff from "embarrassment," see FRCP 26(c)(1). In this personal and private message, Plaintiff was venting about her former coworker in a way that, if made public, would cause |

| Exhibit # | Page # | Justification for Sealing |
|---|---|---|
| | | her embarrassment and might impact her ability to succeed in the workplace. Per FRCP 26(c)(1), this is a legitimate ground for redaction. This statement is also ancillary to the merits of the motion. |
| 4 (Exhibit F, text messages) | 14 | Protect plaintiff from "embarrassment," see FRCP 26(c)(1). In this personal and private message, Plaintiff discussed what kind of man she was attracted to, which, if made public, would cause her embarrassment. Per FRCP 26(c)(1), this is a legitimate ground for redaction. This statement is also completely unrelated to the merits of the motion. |
| 4 (Exhibit F, text messages) | 15 | Protect plaintiff from "embarrassment," see FRCP 26(c)(1). In this personal and private message, Plaintiff was venting about her former coworker in a way that, if made public, would cause her embarrassment (and possibly embarrass the coworker, as well, if other documents in the case might tend to reveal her identity). Per FRCP 26(c)(1), this is a legitimate ground for redaction. This statement is also ancillary to the merits of the motion. |
| 4 (Exhibit F, text messages) | 22 | Protect plaintiff from "embarrassment," see FRCP 26(c)(1). In this personal and private message, Plaintiff was venting about her former coworkers in a way that, if made public, would cause her embarrassment and might impact her ability to succeed in the workplace. Per FRCP 26(c)(1), this is a legitimate ground for redaction. This statement is also ancillary to the merits of the motion. |

| Exhibit # | Page # | Justification for Sealing |
|---|---|---|
| 4 (Exhibit F, text messages) | 23 | Protect plaintiff from "embarrassment," see FRCP 26(c)(1). In this personal and private message, Plaintiff was venting about her former coworkers in a way that, if made public, would cause her embarrassment and might impact her ability to succeed in the workplace. Per FRCP 26(c)(1), this is a legitimate ground for redaction. This statement is also ancillary to the merits of the motion. |
| 5 (Second Amended Initial Disclosures) | 1-6 | Protect witnesses from "annoyance," see FRCP 26(c)(1). Publicly filing witness contact information might subject them to unwanted communications. And their contact information has nothing to do with the merits of the motion. |

Good cause having been shown, within 14 days after the issuance of this order, Plaintiff shall file a notice containing, as exhibits, copies of the foregoing documents (with the redactions discussed in the table *supra*).

IT IS SO ORDERED.

Dated: December 22, 2025

By:_____
Hon. Sallie Kim