Maria A. Bourn
Anthony Tartaglio
GOMERMAN | BOURN & ASSOCIATES
825 Van Ness Ave, Suite 502
San Francisco, CA 94109
Telephone: (415) 545-8608
Email: maria@gobolaw.com
      tony@gobolaw.com

Attorneys for Plaintiff
NEELAM SANDHU

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEELAM SANDHU, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>BLACKBERRY CORPORATION, a Delaware Corporation,<br><br>    Defendant. | **Case No.: 3:24-cv-02002-SK**<br><br>**NOTICE OF DOCUMENTS FILED UNDER SEAL**<br><br>*[Filed concurrently with Plaintiff's Opposition to Defendant's Summary Judgment Motion]*<br><br>Judge: Hon. Sallie Kim<br><br>Hearing Date: Jan. 26, 2026<br>Hearing Time: 9:30 AM<br>Courtroom C |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Neelam Sandhu hereby provides notice that Plaintiff's Opposition to Defendant Blackberry Corporation's Motion for Summary Judgment and certain supporting documents potentially include material that the Court might seal.

Because the opposition brief cites certain documents that Defendant contends are confidential, Plaintiff has redacted her opposition brief at the following locations:

| Location | Comment |
| --- | --- |
| p. 4; p. 21 | Approximate value of a deal achieved by Plaintiff. (NB: Plaintiff disagrees that this would need to be redacted.) |
| p. 18 | Name of Blackberry employee who left the company. (NB: this redaction seems inappropriate because the employee was in the C-suite of a public company, meaning that Blackberry was required to disclose certain information about her position to shareholders (such as compensation, employee turnover, etc.). Also, Blackberry's position in the lawsuit is that the employee's job became redundant through no fault of her own. Accordingly, nobody contends that she was terminated based on any sort of misconduct. Furthermore, while employed at the company she was listed on the "leadership" page of Blackberry's website, meaning that her departure from the company could be easily ascertained merely by reading how Blackberry's publicly accessible website changed over time). |

Plaintiff has filed copies of the following exhibits under seal:

| Document | Which Party Requesting Sealing? | Redaction or Whole Doc. Withheld? | Comment |
|---|---|---|---|
| Pl. Ex. 1 | Pl. | Plaintiff's Home Address Redacted | In a separate administrative motion to seal, Plaintiff has requested that her home address be redacted. |
| Pl. Ex. 2 | Pl. | Plaintiff's Home Address Redacted | In a separate administrative motion to seal, Plaintiff has requested that her home address be redacted. |
| Pl. Ex. 3 | Pl. | Plaintiff's Home Address Redacted | In a separate administrative motion to seal, Plaintiff has requested that her home address be redacted. |
| Pl. Ex. 4 | Pl. | Plaintiff's Home Address Redacted | In a separate administrative motion to seal, Plaintiff has requested that her home address be redacted. |
| Pl. Ex. 5 | Pl. | Plaintiff's Home Address Redacted | In a separate administrative motion to seal, Plaintiff has requested that her home address be redacted. |
| Pl. Ex. 6 | Pl. | Plaintiff's Home Address Redacted | In a separate administrative motion to seal, Plaintiff has requested that her home address be redacted. |
| Pl. Ex. 7 | Pl. | Plaintiff's Home Address Redacted | In a separate administrative motion to seal, Plaintiff has requested that her home address be redacted. |
| Pl. Ex. 8 | Pl. | Plaintiff's Home Address Redacted | In a separate administrative motion to seal, Plaintiff has requested that her home address be redacted. |

| Document | Which Party Requesting Sealing? | Redaction or Whole Doc. Withheld? | Comment |
|---|---|---|---|
| Pl. Ex. 10 | Def. | Redacted | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 11 | Def. | Redacted | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 12 | Def. | Redacted | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 13 | Def. | Redacted | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 14 | Def. | Redacted | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 17 | Def. | Redacted | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 21 | Pl. | Plaintiff's Home Address Redacted | In a separate administrative motion to seal, Plaintiff has requested that her home address be redacted. |
| Pl. Ex. 22 | Def. | Redacted | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |

| Document | Which Party Requesting Sealing? | Redaction or Whole Doc. Withheld? | Comment |
| --- | --- | --- | --- |
| Pl. Ex. 23 | Def. | Redacted | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 24 | Def. | Redacted | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 26 | Def. | Redacted | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 32 | Def. | Redacted at 239:25 | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 34 | Def. | Redacted at 22:22-23 | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 35 | Def. | Redacted at 66:1-25 & 68:1-4 | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 36 | Def. | Redacted at 202:12-23 & 203:8-14 | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 39 | Def. | Redacted at 41:16-17, 101:15 | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |

| Document | Which Party Requesting Sealing? | Redaction or Whole Doc. Withheld? | Comment |
|---|---|---|---|
| Pl. Ex. 41 | Def. | Redacted at 68:2; 68:10; 68:14; 68:18; 70:6; 70:9 | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |
| Pl. Ex. 43 | Def. | Redacted | Redacted at the insistence of defense counsel. Defendant will need to justify the request to seal. |

The Ninth Circuit recognizes a "strong presumption in favor of access" to judicial records in civil cases. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This presumption serves critical democratic functions—ensuring the public's understanding of the judicial process and of significant public events. *Id.* A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Foltz v. State Farm*, 331 F.3d 1122, 1135 (9th Cir. 2003). That is, the party must "articulate compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process." *Id.*

The Ninth Circuit has made clear that while a "good cause" standard under Rule 26(c) applies to discovery materials generally, a much higher "compelling reasons" standard applies when those same materials are attached to dispositive motions like motions for summary judgment. The Court acknowledged explicitly in *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999), and later confirmed in *Foltz*, 331 F.3d at 1136, that the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. The Court adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial

1 | process and of significant public events." *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d
2 | 1289, 1294 (9th Cir. 1986); *accord Foltz*, 331 F.3d at 1135-36.

Dated: January 5, 2026    **GOMERMAN | BOURN & ASSOCIATES**

*/s/ Anthony Tartaglio*
Maria A. Bourn
Anthony Tartaglio
Attorney for Plaintiff
NEELAM SANDHU