UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEELAM SANDHU,

Plaintiff,

v.

BLACKBERRY CORPORATION, et al.,

Defendants.

Case No. 24-cv-02002-SK

**ORDER GRANTING DEFENDANT'S REQUEST TO FILE UNDER SEAL**

Regarding Docket No. 153

Before the Court is a joint statement filed by Plaintiff Neelam Sandhu and Defendant Blackberry Corporation ("Defendant") regarding whether any portions of the Court's order granting in part and denying in part the motion for summary judgment shall remain under seal. (Dkt. No. 153.) Upon review of the parties' statement, the Court GRANTS Defendant's request to seal limited portions of the Court's order.

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Where, as here, the document at issue is "more than tangentially related to the underlying cause of action," a litigant must demonstrate "compelling reasons" to overcome the "strong presumption in favor of judicial access." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). In addition, this Court requires that motions to seal be "narrowly tailored to seal only the sealable material." Civ. L. R. 79-5(c)(3).

Here, Defendant seeks to redact the names and titles of third parties to protect their privacy rights. (Dkt. No. 153, p. 3.) The Court finds that disclosure of individual names and titles could potentially infringe the privacy rights of those individuals, which constitutes a compelling reason for sealing portions of the Court's order. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (sealing personally

identifying information to protect individual privacy rights); *Icon–IP Ltd. v. Specialized Bicycle Components, Inc.*, No. 12–cv–03844–JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (noting that "invasion of [a] third party's privacy" constitutes a compelling reason to file an exhibit under seal). Moreover, Defendant's request is narrowly tailored to redact only personally identifying information, leaving the majority of the Court's order available for public access.

Accordingly, the Court GRANTS Defendant's request to seal portions of the Court's order. By **March 24, 2026**, Defendant shall file the Court's order (Dkt. No. 152) with only the following portions redacted:

| Document | Portion of Document to be Sealed |
| --- | --- |
| Order on Defendants' Motion for Summary Judgment (Dkt. No. 152) | 1. Page 2, line 5: Text between <"The male employee—> and <—received a warning for physically touching><br>2. Page 6, lines 12-15: Text between <sustainability; . . .(2)> and <(Dkt. No. 111-4><br>3. Page 6, line 16: Text between <The parties dispute whether> and <roles were eliminated><br>4. Page 6, line 17: Text between <Lynch testified that> and <resigned and that Plaintiff was><br>5. Page 6, line 19: Text between <Plaintiff argues that> and <was not eliminated but><br>6. Page 6, line 20: Text between <renamed to> and <(Dkt. No. 125-1, Exs. 9, 27.)><br>7. Page 6, lines 20–21: Text between <(Dkt. No. 125-1, Exs. 9, 27.)> and <(Dkt. No. 125-1, Ex. 27.)><br>8. Page 11, lines 19-20: Text between <her 2016 complaint regarding> and <sexual harassment> |

United States District Court
Northern District of California

| | |
|---|---|
| | 9. Page 20, line 12: Text between <While two other executives—> and <—resigned while Lynch><br><br>10. Page 20, line 15: Text from start of line 15 to <was not eliminated but rather renamed to><br><br>11. Page 20, lines 16–17: Text from start of line 16 to <(Dkt. No. 125-1, Ex 27> (at end of line 17) |

**IT IS SO ORDERED**.

Dated: March 17, 2026

SALLIE KIM
United States Magistrate Judge