UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEELAM SANDHU, | Case No. 24-cv-02002-SK |
| Plaintiff, | |
| v. | **ORDER REGARDING PRETRIAL MATTERS** |
| BLACKBERRY CORPORATION, et al., | |
| Defendants. | |

In anticipation of the pretrial conference scheduled for April 23, 2026, the Court issues the following schedule, questions selected by the Court for the written questionnaire for prospective jurors, tentative rulings regarding the motions in limine, and questions from the Court to counsel for the pretrial conference.

**A.  Schedule**

The Court will hold trial from 8:30 am to 3:30 pm.  This is a change from the previous Order regarding the schedule.  Counsel should be prepared to meet with the Court at 8:00 am each morning to discuss matters outside the presence of the jury.  The Court will take a 15-minute break every one and a half hours and a lunch break of 45 minutes.

Each side will have a total of 45 minutes to question potential jurors.  Each side will have one hour for opening statements.  Each side will have one and half hours for closing argument. These will not count against the number of hours each side is given.  Each side will have 12 hours to present her, its, or their case.

On May 6, 2026, the Court will provide, to the parties, the responses to the written questionnaires.  The Court will review the questionnaires for hardships and meet with counsel on Zoom on May 8, 2026 at 8:30 am to discuss the potential jurors to be excused for hardship.  The Court will notify jurors excused for hardship on May 11, 2026.

Trial will take place on May 12, 13, 14, 15, 19, 20, 26.  Additional days may be added if jurors are deliberating beyond May 26, 2026.

**B.  Questions for Written Questionnaire**

The Court has selected the following questions to be included in the written questionnaire sent to potential jurors before trial:

1.  Do you think that the "Me Too" Movement has gone a little too far?

2.  Have you experienced a co-worker or employee make false complaints about discrimination or harassment?

3.  Have you or anyone close to you experienced discrimination of any kind in the workplace?

4.  Have you or anyone close to you experienced retaliation after they complained about a workplace situation?

5.  Do you believe that it is unfair to place the burden of proof on an employee to prove that a defendant employer caused harm to the employee?

6.  Do you believe that an employer will target and make up a reason to fire an employee who has complained about the workplace?

7.  Do you believe human resources generally protects a company or an employee?

8.  Do you think that the laws in California are too employee friendly?

9.  Do you have a strong feeling that large monetary awards seem excessive?

10. Do you believe that the tech industry promotes a workplace culture where women are discriminated against or harassed on a routine basis?

These questions will be listed with a box for the potential jurors to check "yes" or "no" and a box for commentary.

**C.  Tentative Rulings on Motions in Limine**

Defense MIL No. 1 – GRANT.

Defense MIL No. 2 – GRANT.

Defense MIL No. 3 – GRANT IN PART and DENY IN PART.  Plaintiff may not discuss her belief that she was the victim of discrimination based on race, ethnicity, or national origin unless she can tie that belief to a complaint she raised with Blackberry before her employment was

United States District Court
Northern District of California

terminated.  However, Plaintiff may use the terms "discrimination," "harassment," and "boys' club" when discussing her belief that Blackberry violated the law.  The Court will provide a limiting instruction on her use of these terms to explain to the jury that her claim for relief in this case is limited to retaliation but that she must prove her reasonable belief that Blackberry violated the law by discriminating against her or harassing her.  The parties must meet and confer on this limiting instruction within one week of this Order, and, if they cannot agree, they may submit their competing limiting instructions, not to exceed one page each, the day before the pretrial conference, to SKPO@cand.uscourts.gov, in Word format.  And with respect to the term "boys club," Plaintiff may not use this term to include evidence of alleged discrimination or harassment against other employees but must limit her evidence to her own experience.

Defense MIL No. 4 – GRANT.

Defense MIL No. 5 – GRANT IN PART and DENY IN PART.  The Court is aware that the Plaintiff and her treating medical professionals may not be able to parse out exactly the emotional distress caused by the termination of Plaintiff's employment or caused by the stress of litigation but that the damages will be limited to post-termination emotional distress.  The Court will provide a limiting instruction on her use of these terms.  The parties must meet and confer on this limiting instruction within one week of this Order, and, if they cannot agree, they may submit their competing limiting instructions, not to exceed one page each, the day before the pretrial conference, to SKPO@cand.uscourts.gov, in Word format.

Plaintiff's MIL No. 1 – DENY.

Plaintiff's MIL No. 2 – GRANT.

Plaintiff's MIL No. 3 – GRANT.  But Blackberry may introduce evidence of the report if Plaintiff alleges that Lynch made the decision to terminate her employment after reading the report and determining that she had participated in the investigation.  In that case, the report will be admitted with redactions to be determined at a later date.

Plaintiff's MIL No. 4 – DENY

Plaintiff's MIL No. 5 – DENY

/ / /

3

### D.  Questions for Counsel

Why does John Giammatteo remain a defendant in this case?  Given the Court's ruling on the summary judgment motion dismissing the claims against him based on discrimination and harassment, he is obviously no longer a defendant for those claims.  And given that the Court ruled that Richard Lynch was the sole decisionmaker in terminating Plaintiff's employment and given that the Court has rejected the "cat's paw" theory, there is no basis for liability against him as a defendant for any of the remaining retaliation claims.  The parties should be prepared to discuss this issue at the pretrial conference.

With regard to the disputed documents, the chart does not indicate which party sponsors the document and for what purpose.  Also, the rulings on the motions in limine will preclude admission of many of the disputed documents.  The parties must submit a revised chart by April 22, 2026, with the following columns:  (1) proponent and purpose, and (2) effect on document after ruling on motions in limine.  For purposes of this chart, the parties should assume that the Court will not change the tentative ruling on the motions in limine.

Also with regard to the disputed documents, it is not clear whether the parties stipulate to the authenticity of all the disputed documents.  Do the parties so stipulate?

For the business records exception to hearsay, it is not clear whether Blackberry agrees that the business records exception applies to all the disputed documents or if Plaintiff must prove that the document is a business record.  What is Blackberry's position on this issue?

Regarding Plaintiff's claim that a document is a party admission of Blackberry, do the parties agree that all statements were made by an employee or agent of Blackberry made during the existence of the employment/agency relationship and concerns a matter within the scope of their employment, as required by Federal Rule of Evidence 801(d)(2)(D)?

**IT IS SO ORDERED**.

Dated: April 9, 2026

_Sallie Kim_
_____
SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California