UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEELAM SANDHU,<br><br>Plaintiff,<br><br>v.<br><br>BLACKBERRY CORPORATION, et al.,<br><br>Defendants. | Case No.  24-cv-02002-SK<br><br>**ORDER REGARDING MOTIONS IN LIMINE**<br><br>Regarding Docket Nos. 187, 188, 189, 190, 191, 192, 193, 194, 195, 196 |

Before the Court are motions in limine filed by Plaintiff Neelam Sandhu ("Plaintiff") and Defendant BlackBerry Corporation ("Defendant" or "BlackBerry").  The Court addresses each motion in turn.

**Defendant's MIL No. 1** – The Court GRANTS this motion in limine.

Defendant moves in limine to exclude evidence that: (1) Richard Lynch ("Lynch") was motived by retaliatory intent because John Giamatteo ("Giamatteo") had retaliatory intent toward Plaintiff; (2) any argument or evidence about Giamatteo's retaliatory intent toward Plaintiff; and (3) evidence of Giamatteo's alleged statements regarding his contract to become Chief Executive Officer ("CEO") of BlackBerry after Lynch stepped down from his interim role as Defendant's CEO.  (Dkt. No. 187.)  Defendant argues that the Court, in ruling on Defendant's motion for summary judgment, already rejected Plaintiff's argument that Lynch was the "cat's paw" of Giamatteo when Lynch decided to terminate Plaintiff's employment.   (*See* Dkt. No. 152 (Order on Motion for Summary Judgment).)  Indeed, the Court rejected Plaintiff's cat's paw theory, and, thus, exclusion of evidence or argument at trial about this theory is appropriate.

Rather than opposing this motion in limine, Plaintiff argues that if the Court excludes this evidence, then the Court should also exclude evidence that Defendant proffers to show that

Plaintiff had interpersonal conflicts with other employees of Defendant.  (Dkt. No. 187 at p. 17.) The Court addresses this argument in discussing Plaintiff's motion in limine No. 1 below.

The Court RULES that Plaintiff may not introduce any evidence or argument that Lynch was motived by retaliatory intent because Giamatteo had retaliatory intent toward Plaintiff, any argument or evidence about Giamatteo's retaliatory intent toward Plaintiff, and evidence of Giamatteo's alleged statements regarding his contract to become CEO of BlackBerry.

**Defendant's MIL No. 2** – The Court GRANTS IN PART and DENIES IN PART this motion in limine.

Defendant moves to exclude any testimony, evidence, or argument about other women's experiences or opinions of alleged gender bias, discrimination, harassment, or retaliation that they experienced while working for Defendant.  Defendant argues that, because Lynch was the sole decisionmaker in terminating Plaintiff's employment, any evidence about experiences of other women who did not work with Lynch is irrelevant.  (Dkt. No. 188 at p. 3.)  Plaintiff has proffered evidence and testimony from six potential witnesses, none of whom worked for Lynch.  In addition, Defendant argues that five of the six potential witnesses did not discuss retaliation at all, and the sole witness who testified about retaliation allegedly suffered from retaliation in early 2023, months before Lynch became interim CEO.

Plaintiff argues generally that "me too" evidence of other employees is relevant to show an employer's hostility to a certain group.  (*Id.* at p. 14.)  Plaintiff further argues that some of the potential witnesses did argue that they suffered retaliation and that this evidence shows Defendant's intent in retaliating in a similar fashion against Plaintiff.  (*Id.* at pp. 14–16.)  Plaintiff argues that the evidence is necessary to support the claim that Defendant failed to prevent retaliation, which is one of Plaintiff's claims.  (*Id.*)  Plaintiff also argues that the evidence is relevant to the claim for punitive damages.  (*Id.* at p. 17.)

The Court finds that only the evidence regarding Colleen McMillan ("McMillan") is relevant to show that Defendant allegedly did not prevent retaliation.  McMillan claimed that Defendant terminated her employment after she complained about discrimination in early 2023, before Plaintiff's employment was terminated, and thus this evidence is relevant to Plaintiff's

argument that Defendant took no steps to prevent retaliation in general.  Thus, the Court RULES that Plaintiff may introduce evidence and testimony regarding McMillan's claim of retaliation but excludes evidence or testimony from the other proposed witnesses (Jennifer Bramhill, Marjorie Dickman, Erin Ransom, Mary Slimmon, and Sarah Tatsis).

**Defendant's MIL No. 3** – The Court GRANTS IN PART and DENIES IN PART this motion in limine.

Defendant moves to exclude evidence and argument related to claims that were dismissed, such as Plaintiff's gender discrimination and sexual harassment claims,  or not pled.  (Dkt. No. 189.)  Defendant specifically argues that Plaintiff should not discuss her belief that Defendant her employment.  Defendant further argues that Plaintiff should not be allowed to discuss or introduce evidence about John Chen's decision to transfer accounts away from her, the alleged "boys' club" at BlackBerry, the terms "harassment" or "discrimination," and race discrimination.

Plaintiff argues that she must discuss her claims of discrimination based on gender and sexual harassment to meet the required element of wrongful termination that she had a reasonable belief that the actions Defendant took against her constituted illegal behavior when she made her complaints about that behavior to Defendant.  Plaintiff alleges that, after she complained, Defendant terminated her employment.  (Dkt. No. 189 at pp. 19–24.)

The Court RULES that Plaintiff may discuss her belief that she was the victim of retaliation based on her complaints of discrimination based on race, ethnicity, or national origin and that she reported these concerns.  However, her evidence and testimony must be limited to concerns that she specifically reported to Defendant within a short period before Defendant terminated her employment and cannot include any incidents or issues that she did not report. With regard to the timeframe, the Court will consider the incidents and events that Plaintiff reported on a case-by-case basis and will seek further discussion with counsel before trial on the specific incidents that Plaintiff wishes to introduce.

Moreover, Plaintiff may use the terms "discrimination," "harassment," "boys' club," and "retaliation" when discussing her belief that BlackBerry violated the law.  However, with respect to the term "boys' club," Plaintiff may not use this term to introduce evidence of alleged

discrimination or harassment against other employees.  She must limit her evidence to her own experience.

The Court will provide a limiting instruction on Plaintiff's use of these terms as follows:

You may hear evidence about alleged discrimination or harassment and that Ms. Sandhu or other witnesses refer to an alleged "boys' club" at BlackBerry.  There are no claims for discrimination or harassment in this case, and you are not being asked to decide whether discrimination or harassment occurred.  I instruct you that this evidence is admitted only for the limited purpose of determining whether the Plaintiff reasonably believed she was reporting unlawful conduct, which is part of what Plaintiff must prove to prove that she suffered retaliation.  You must consider it only for that limited purpose and not for any other purpose.

**Defendant's MIL No. 4** – The Court GRANTS this motion in limine.

Defendant seeks to exclude evidence about emotional distress that Plaintiff suffered as a result of claims that the Court has dismissed, i.e., harassment, discrimination, and pre-termination retaliation.  (Dkt. No. 190.)  The sole outstanding issues in this case are whether Defendant retaliated against Plaintiff in terminating her employment and whether Defendant failed to prevent said retaliation.  (Dkt. No. 152.)

Plaintiff argues that she must show the entire history of her mental health to show how it deteriorated as a result of the termination of her employment.  (Dkt. No. 190 at pp. 36–40.)

The Court RULES that Plaintiff may not introduce evidence or testimony about the emotional distress she suffered as a result of Defendant's allegedly wrongful conduct before the termination of her employment.

In addition, the Court will instruct the jury as follows:

If you award damages for emotional distress, you may only award damages caused by the termination of Ms. Sandhu's employment.  You may not award damages for emotional distress that occurred before that termination of her employment.  In addition, you may not award damages based on emotional distress caused by the stress of litigation, as opposed to the emotional distress of losing her job.  Ms. Sandhu and her witnesses may not be able to separate with precision the emotional distress that she suffered as a result of the termination of her employment from other

sources of emotional distress, but you must use your judgment, along with common sense, to make this determination.

**Defendant's MIL No. 5** – The Court GRANTS IN PART and DENIES IN PART this motion in limine.

Defendant moves to exclude evidence and testimony about emotional distress caused by this litigation, as opposed to the termination of Plaintiff's employment. (Dkt. No. 191.) The Court RULES that Plaintiff may testify about her emotional distress after this litigation began, and Defendant may question her, her witnesses, and her evidence based on the argument that she cannot recover damages for emotional distress based on litigation.

The Court will provide the limiting instruction above regarding Defendant's motion in limine No. 4 on this issue.

\*\*\*

**Plaintiff's MIL No. 1** – The Court GRANTS IN PART and DENIES IN PART this motion in limine.

Plaintiff moves to exclude evidence and testimony of Plaintiff's alleged history of interpersonal conflicts with her coworkers. (Dkt. No. 192.) Plaintiff argues that this evidence is not relevant because the only issue is why Lynch terminated Plaintiff's employment. Defendant argues that the evidence is relevant to show the Lynch terminated Plaintiff's employment because of the elimination of her position and also considered Plaintiff's poor history of interpersonal conflict as part of his decision not to place her in a different position, to rebut Plaintiff's claim that she had a reasonable basis to report Defendant's illegal behavior of discrimination and harassment, and to rebut Plaintiff's presentation of herself as an outstanding employee.

The Court RULES that Lynch may introduce evidence regarding his knowledge of Plaintiff's interpersonal work conflicts and alleged personality conflicts. In addition, Defendant may present evidence of specific workplace conflicts to the extent that the interpersonal conflict relates to complaints Plaintiff made about discrimination or harassment. The Court will address this evidence on a case-by-case basis and may ask for proffers if Defendant attempts to introduce evidence for this reason.

United States District Court
Northern District of California

**Plaintiff's MIL No. 2** – The Court GRANTS IN PART and DENIES IN PART this motion in limine.

Plaintiff moves to exclude evidence and testimony regarding-layoffs at Blackberry that occurred after Plaintiff's employment was terminated.  (Dkt. No. 193.)  Defendant argues that this evidence shows that the restructuring plan, known as "Project Mustard," was a real plan that resulted in massive layoffs.  (*Id.* at p. 54.)

The Court RULES that Defendant may not introduce evidence about layoffs after Plaintiff's employment was terminated unless Plaintiff argues that Defendant did not have a plan to reduce headcount – that the termination of Plaintiff's employment was pretext based on a false reason.  If Plaintiff opens the door on this issue, Defendant may counter with this evidence.

**Plaintiff's MIL No. 3** – The Court GRANTS IN PART and DENIES IN PART this motion in limine.

Plaintiff moves to exclude evidence and testimony of the investigation of an EthicsLink complaint and the report following the investigation by the law firm of Morrison & Foerster LLP. (Dkt. No. 194.)  Plaintiff argues that because her claims for harassment and discrimination have been dismissed, this investigation and report are not relevant.  (*Id.*)  Defendant argues that the investigation and report are necessary to show that Plaintiff was not fired for participating in the investigation because the report was thorough and fair.  (*Id.* at pp. 82–88.)  Defendant also argues that the timing of the report is necessary to establish that Lynch did not retaliate against Plaintiff. (*Id.*)

The Court finds that the fact that an investigation was conducted, the timing of the investigation, and that the investigation concluded that the subject did not violate any laws are all relevant to Plaintiff's claims for retaliation and failure to prevent retaliation.

The Court RULES that the parties may question the investigators from Morrison & Foerster LLP regarding their investigation – the manner in which they investigated the company and the conclusion they drew with regard to no wrongdoing by Giamatteo.  The Court will provide the following limiting instruction to the jury:

You have heard evidence that BlackBerry received an anonymous EthicsLink complaint in

6

October 2023, that BlackBerry retained the law firm of Morrison & Foerster to investigate that complaint, and that Morrison & Foerster produced a written report summarizing the findings of its investigation.  The Court has decided to admit only a small portion of that report and allow questioning  about portions of that report, but not to admit Morrison & Foerster's full investigation report into evidence.  You must not speculate about the report's contents or the reason why it has been redacted.  You must not assume that the report's redacted material contains information that would help or hurt Ms. Sandhu or BlackBerry.

**Plaintiff's MIL No. 4** – The Court DENIES this motion in limine.

Plaintiff moves to exclude evidence and testimony about Plaintiff's alleged spoliation of instant message chat logs from BlackBerry Messenger, an in-house system of communication. (Dkt. No. 195.)  Plaintiff argues that the evidence is not relevant and confusing to the jury.  (*Id.*) Defendant argues that the undisputed evidence, which shows that Plaintiff retracted certain messages from her work phone after her employment ended, is relevant to what Plaintiff knew about the timing of the then-CEO's departure.  (*Id.* at pp. 101–06.)  Defendant implies that the then-CEO Chen was Plaintiff's protector at work, and that after Plaintiff learned that the then-CEO Chen was leaving his job, Plaintiff filed an EthicsLink complaint to save her job.  (*Id.*) Defendant argues that it must explain to the jury why part of the messages in the chat log are missing – that Plaintiff retracted them.  The Court finds that this evidence is relevant to the case.

**Plaintiff's MIL No. 5** – The Court DENIES this motion in limine.

Plaintiff moves to exclude the diagnosis and opinions one and two of Defendant's expert witness Dr. John Greene ("Greene").  (Dkt. No. 196.)  Defendant agrees that Greene will not testify regarding opinion two in his report.  (*Id.* at pp. 19–25.)   Plaintiff argues that Greene should not be able to opine regarding opinion one because he relied upon documents (a report and test results) that he received from another expert, Dr. James Bramson ("Bramson"), who was not disclosed until after the expert discovery period had ended.  (Dkt. No. 196.)  Defendant argues that Plaintiff had an opportunity to submit a supplemental expert report and that Defendant also offered that Greene would abandon any part of his opinion that relied upon the materials from Bramson. (*Id.* at pp. 19–25.)   Greene also submitted a declaration stating that he did not reach his opinion

one or his diagnosis based on the materials he received from Bramson. (*Id.* at p. 28 (Declaration of Dr. John Greene).)

Defendant has also abandoned opinion two; Greene will not offer that opinion. (*Id.* at pp. 19–25.) Opinion two was that, "due to Ms. Sandhu's maladaptive personality patterns, it is possible that she has misinterpreted the actions towards her by Blackberry." (*Id.* at p. 4.) Thus, with regard to the diagnosis and opinion one, the Court finds that Greene can testify because he did not rely upon materials from Bramson.

**IT IS SO ORDERED**.

Dated: May 7, 2026



_____
SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California