UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NEELAM SANDHU,<br><br>Plaintiff,<br><br>v.<br><br>BLACKBERRY CORPORATION, et al.,<br><br>Defendants. | Case No.  24-cv-02002-SK<br><br>**ORDER REGARDING DEFENDANT'S MOTION FOR CLARIFICATION**<br><br>Regarding Docket No. 223 |

Before the Court is a motion for clarification filed by Defendant BlackBerry Corporation ("Defendant") regarding the Court's order dated May 7, 2026 ruling on the parties' motions in limine.  (Dkt. No. 223.)  Plaintiff Neelam Sandhu ("Plaintiff") filed a response.  (Dkt. No. 225.) The Court GRANTS the motion for clarification and AMENDS the Order (Dkt. No. 214) with regard to Defendant's motion in limine no. 3 as follows:

Defendant's MIL No. 3 – The Court GRANTS IN PART and DENIES IN PART this motion in limine.

Defendant moves to exclude any evidence about the account transfers that John Chen ("Chen") made in 2023 after Plaintiff complained.  The Court GRANTS this motion to exclude reference to account transfers because Plaintiff testified that Chen did not discriminate against her and the Court has denied the "cat's paw" theory that John Giamatteo influenced Chen in making the account transfers.

Defendant argues that Plaintiff should not be allowed to testify about the alleged "boys' club" at BlackBerry.  Plaintiff argues that she must be able to use this term, as it was a term that was used in the report after the investigation by Morrison & Foerster.  The Court RULES that, with respect to the term "boys' club," Plaintiff may not use this term to introduce evidence of alleged discrimination or harassment against other employees, but may use the term when

United States District Court<br>Northern District of California

United States District Court
Northern District of California

discussing only her own complaints that she alleges led to the retaliatory act of terminating her employment.

Defendant argues that Plaintiff should not be allowed to use the terms "harassment" or "discrimination" because the Court already excluded claims based on harassment and gender discrimination. Plaintiff argues that she must discuss her claims of discrimination based on gender and sexual harassment to meet the required element of wrongful termination: that she had a reasonable belief that the actions Defendant took against her constituted illegal behavior when she made her complaints about that behavior to Defendant. Plaintiff alleges that, after she complained, Defendant terminated her employment. (Dkt. No. 189 at pp. 19–24.) The Court RULES that Plaintiff may use the terms "harassment" and "discrimination" to describe her employment at Blackberry only to the extent that she discusses her complaints that she alleges led to the retaliatory act of terminating her employment.

Defendant also argues that Plaintiff should not be allowed to discuss claims based on race discrimination. The Court RULES that Plaintiff may discuss her belief that she was the victim of retaliation based on her complaints of discrimination based on race (or any other protected category) and that she reported these concerns – again only to the extent that she discusses her complaints that she alleges led to the retaliatory act of terminating her employment. In addition, Plaintiff's evidence and testimony must be limited to concerns that she specifically reported to Defendant within a short period before Defendant terminated her employment and cannot include any incidents or issues that she did not report. With regard to the time frame, the Court will consider the incidents and events that Plaintiff reported on a case-by-case basis and will seek further discussion with counsel before trial on the specific incidents that Plaintiff wishes to introduce.

The Court will provide a limiting instruction on Plaintiff's use of the terms "boys' club," "harassment," and "discrimination" as follows:

> You may hear evidence about alleged discrimination or harassment of Ms. Sandhu or that Ms. Sandhu or other witnesses refer to an alleged "boys' club" at BlackBerry. There are no claims for discrimination or harassment in this case, and you are not being asked to decide whether discrimination or harassment occurred. I instruct you that this evidence is admitted only for the limited purpose of determining whether the Plaintiff reasonably believed she was reporting unlawful conduct, which is part of what Plaintiff must prove to prove that she suffered

retaliation. You must consider it only for that limited purpose and not for any other purpose.

**IT IS SO ORDERED**.

Dated: June 11, 2026



_____

SALLIE KIM
United States Magistrate Judge